## Saffold *et al. v.* Wade's Executor.

*Bill in Equity by Creditor, asking Subrogation under Mortgage by Debtor to Surety.*

1. *Jurisdiction of equity as affected by adequacy of legal remedy.* — When a non-resident creditor invokes the jurisdiction of a court of equity in this State, on the ground that he has not an adequate legal remedy, the sufficiency of his legal remedies is to be determined by the laws of this State, and not by the laws of the State in which he and his debtor reside.

2. *Foreign judgments.* — A foreign judgment creditor, asking the aid of a court of equity here, occupies the position of a general creditor only, and not of a judgment creditor.

3. *Subrogation of creditor to surety's rights under mortgage given by debtor.* — To entitle a creditor to subrogation in equity to the rights of a surety under a mortgage given by the debtor, it is not necessary that he should have exhausted his legal remedies, or should have reduced his debt to judgment.

4. *Same.* — When a mortgage has been given by a debtor to indemnify his surety against two debts, due to different persons, one of the creditors cannot have a decree subjecting the mortgaged property to sale for the satisfaction of his debt, on a decree *pro confesso* against the other creditor as a non-resident, without averring that his debt had been paid, or released, or that he had waived or refused the benefit of the common security.

5. *Who is purchaser for valuable consideration.* — A creditor, who accepts from his debtor an absolute conveyance of land in payment of a preëxisting debt, is a purchaser for valuable consideration (Rev. Code, §§ 1557–58), and, as such, is entitled to protection against an unrecorded mortgage.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed on the 11th January, 1872, by the executor of the last will and testament of Hudson Wade, deceased, against Thomas P. Saffold, William O. Saffold, Mrs. Ann Saffold, who was the mother of said William O. Saffold, the wife and children of said William O. Saffold, and the personal representative of Alfred Eubanks, deceased. Its object was to foreclose a mortgage on a tract of land in Henry county, known as the "Saffold old plantation," which said William O. Saffold had executed to said Thomas P. Saffold, to indemnify him as his surety on two debts therein particularly described; and to have the land sold for the satisfaction of a judgment which the complainant had obtained against the said William O. and Thomas P. Saffold, on one of the secured debts; also, to set aside, as fraudulent and void, an absolute deed, of date subsequent to the mortgage, by which said William O. Saffold conveyed said lands to his mother, Mrs. Ann Saffold, and a subsequent deed of gift, by which she conveyed them to his wife and children. All the parties to the suit resided in Georgia, except the personal representative of Alfred Eubanks, deceased (whose residence was alleged in the bill to be unknown), and all the transactions involved occurred there.

The complainant's judgment was rendered in the superior court of Morgan county, Georgia, on the 23d September, 1866; and was founded on a promissory note for $2,145, dated January 5, 1859, and payable to the complainant as executor of H. Wade, deceased. The bill alleged that this note was given for the price of slaves, and was signed by Thomas P. Saffold as surety for William O. Saffold; and that by the new constitution of Georgia, adopted since the war, and the decisions of the supreme court construing it, the note and judgment could not be enforced there. The mortgage, a copy of which was made an exhibit to the bill, was executed in Georgia; was dated the 15th March, 1866, but was not recorded in Henry county, Alabama, where the lands were situ-

ated, until the 28th May, 1866 ; and was given to secure said Thomas P. Saffold, as the surety of William O. Saffold, against the debt due to the complainant, and another debt due to the administrator of Alfred Eubanks, deceased, whose name was described in the mortgage, as shown by the exhibit, to be *Thomas A.* Banks or *Francis A.* Banks. The deed by which William O. Saffold afterwards conveyed the same lands to his mother, was dated the 27th April, 1866, and was recorded in Henry county on the 30th April, 1866. The bill alleged that this deed was without consideration, and was made with the intent to hinder and defraud the creditors of said William O. Saffold, and that Mrs. Saffold, when she accepted it, had notice of the prior mortgage to Thomas P. Saffold ; but the answer of Mrs. Saffold denied notice, and she and William O. Saffold, both in their answers and in their depositions, denied all fraudulent intent, and asserted the consideration of the deed to be an antecedent debt, of much larger amount than the sum recited in the deed as its consideration, due from William O. Saffold to his mother ; and there was no other evidence on this point. The deed of gift from Mrs. Ann Saffold to the wife and children of William O. Saffold was dated the 20th January, 1870.

There was an order of publication against " Thomas A. Banks, or Francis A. Banks, as the administrator of Alfred Eubanks, deceased ; " and a decree *pro confesso* was entered on that publication. A formal answer was filed by the guardian *ad litem* of the infant defendants. William O. Saffold, his wife, and several of their adult children, jointly demurred to the bill : 1st, for want of equity ; 2d, because the complainant had an adequate remedy at law ; 3d, because the administrator of Eubanks was not made a complainant ; and, 4th, because he was not properly made a defendant. The chancellor overruled the demurrer, and said defendants then filed a joint answer, insisting on the validity of the conveyance to Mrs. Ann Saffold, and of her deed of gift to the wife and children of W. O. Saffold ; and their answer was adopted by Thomas P. Saffold. Mrs. Ann Saffold also answered, as above stated, denying notice of the mortgage to Thomas P. Saffold, and asserting the priority and preference of her deed over it. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, and ordered the lands to be sold for the satisfaction of his judgment. The overruling of the demurrers to the bill, and the final decree, are now assigned as error.

WATTS & TROY, with whom was J. A. CLENDENIN, for appellants. — 1. The complainant's Georgia judgment has no

[Saffold *v.* Wade's Executor.]

extra-territorial operation, except as constituting a cause of action. In this case, he stands as a simple-contract creditor only. Story's Conflict of Laws, § 609; Shepherd's Digest, 669.

2. A general creditor cannot file a bill in equity to enforce the collection of his debt, until he has exhausted his legal remedies, unless he has a lien, or unless some statute gives him a remedy. Brickell's Digest, 655, cases cited in section 219.

3. The excuse alleged in the bill for resorting to a court of equity here, founded on the provisions of the new constitution of Georgia, is without any force whatever. The validity of a contract is to be determined by the law of the place where it was made, and by the law which was in force when it was made. If the contract could not be enforced in Georgia when it was made, it cannot be enforced in Alabama; and if it was valid there when made, no subsequent change in the constitution of that State can impair its validity.

4. Mrs. Ann Saffold is a purchaser for valuable consideration, who had no notice of the prior unrecorded mortgage, and she is entitled to protection against it. Rev. Code, §§ 1557–58; *Smyth, Wykoff & Nicholls* v. *Morgan,* 29 Ala. 283; *Pulliam, Wills, Rankin & Co.* v. *Newberry,* 41 Ala. 174; *Boon* v. *Barnes,* 23 Miss. 139; Perry on Trusts, 218; Chitty on Contracts, 27–8; 2 Story's Equity, § 1503.

5. As against Mrs. Saffold, the complainant can assert no greater rights than Thomas P. Saffold under his mortgage; and he was not a purchaser for valuable consideration. *Wells* v. *Morrow,* 38 Ala. 125, and cases there cited.

6. In any event, the complainant was not entitled to the relief granted him. The estate of Eubanks was equally interested in the mortgaged property, and the decree should have protected its rights. *Toulmin* v. *Hamilton,* 7 Ala. 362.

COWAN & OATES, *contra.* — 1. The equity of the bill rests on the doctrine of subrogation, and it was not necessary that the complainant should have exhausted his legal remedies. *Toulmin* v. *Hamilton,* 7 Ala. 362; *Troy* v. *Smith & Shields,* 33 Ala. 469; *Moses* v. *Murgatroyd,* 1 Johns. Ch. 118.

2. The bill shows the impracticability of requesting defendant Banks to join as a complainant, his whereabouts being unknown.

3. As to the misjoinder of Banks as a party defendant, the other defendants cannot take advantage of the objection. *Robison* v. *Robison,* 44 Ala. 269.

4. If either the estate of Eubanks, or Thomas P. Saffold, suffers any injury from the decree, it is not the complainant's fault. It was the duty of said Saffold under the circum-

[Saffold *v.* Wade's Executor.]

stances, to furnish the necessary information to complainant. 19 Ala. 121, 691; 27 Ala. 618; 16 Ala. 364.

5. Mrs. Ann Saffold is not a purchaser for valuable consideration, within the meaning of the statute. *Wells* v. *Morrow*, 38 Ala. 125; *Dickerson* v. *Tillinghast*, 4 Paige, 214.

BRICKELL, J. — We may dismiss from consideration the allegations of the bill as to the provisions of the constitution and the decisions of the courts of Georgia, with the remark, that they furnish no sufficient ground on which a court of equity in this State can afford the complainant relief. The jurisdiction of the courts of equity in this State, so far as dependent on the existence or absence of legal remedies, must be determined in view of the remedies afforded by our laws, and not by the laws of another State.

We may dismiss from consideration, also, the complainant's right to relief, so far as it depends on the allegations of fraud in the conveyance of the land by William O. Saffold to his mother, Mrs. Ann Saffold; because these allegations are fully denied in the answers, and are wholly unsupported by proof. This leaves the case to be considered in the single aspect of the complainant's right to be subrogated to, and to foreclose, the mortgage given by said William O. Saffold to his surety, Thomas P. Saffold, to indemnify him against the payment of the debt owing by them to the complainant.

Subrogation is, exclusively and purely, the creature of a court of equity. When a security is given by the principal debtor, for the ease and indemnity of his surety against the liability to the common creditor, a trust is created, in the contemplation of a court of equity, for the better protection of the debt, which both principal and surety are bound to pay. Subrogating the creditor to the rights of the surety relieves him from the vexation of suit, and from the necessity of resorting for redress to the security furnished, or to the principal debtor. The liability of the principal is thereby extinguished, to the extent to which the security can be made available, and complete justice is done to all parties in interest. *Moses* v. *Murgatroyd*, 1 Johns. Ch. 119; 1 Leading Cases in Equity, 163; *Toulmin* v. *Hamilton*, 7 Ala. 363; *Ohio Life Ins. & Trust Co.* v. *Ledyard*, 8 Ala. 866; *Br. Bank at Mobile*, v. *Robertson*, 19 Ala. 779; *Troy* v. *Smith & Shields*, 33 Ala. 469.

2. The judgment obtained by the complainant in Georgia, against the principal debtor and his surety, does not entitle him to seek any other relief in the courts of equity of this State than such as those courts can accord to general creditors. He is not a creditor who has exhausted his legal remedies, or who has acquired a legal lien, the obstruction of which a court

VOL. LI.

of equity will intervene to prevent. No priority of lien, or capacity of execution, attaches here to such a judgment. It is a mere cause of action, protected, as matter of evidence, by the provision of the constitution of the United States, that full faith and credit — the credit which attached to it in the State in which it was taken — shall be here given to it as evidence.

3. But a judgment, or the exhaustion of legal remedies, is not essential to the creditor's right of subrogation. The creditor, asserting this right, asks only the enforcement of a trust enuring to his benefit. The trust attaches only to the particular debt, and adheres to it, without regard to the form it may assume. No other creditor than the holder of the debt can appropriate the subject of the trust. A court of equity only can enforce the trust, and its enforcement lies within the original jurisdiction of that court. A court of law has no process or remedy adapted or adequate to the creditor's relief. Therefore, the complainant, though only a general creditor, has a right to the enforcement of this trust, without reducing his debt to judgment at law, or the pursuit or exhaustion of legal remedies. *Toulmin* v. *Hamilton, supra.*

4. There is, however, a fatal error in the decree in this aspect of the case. The mortgage security, to which the complainant prays subrogation, is averred to have been made equally for the indemnity of the surety against his liability to complainant, and a similar liability to Thomas (or Francis) A. Banks, administrator of the estate of Thomas Eubanks, deceased. The existence and validity of this latter debt are not assailed by the pleading, nor in the least impugned by the evidence. Banks is made a party defendant by publication, and a decree *pro confesso* is taken against him. It is not averred that he has ever waived, or refused to recognize, the trust which the law raised in his favor. He has, therefore, the same equity the complainant asserts. Yet, a decree *is* rendered, directing a sale of the mortgaged estate, and the application of the proceeds of sale, exclusively to the debt of the complainant. In this, the court erred, in the present state of the pleadings and proof. The decree should have directed the application to the payment of both debts, according to their respective amounts.

5. The mortgage, to which the complainant seeks subrogation, was made on the 15th of March, 1866, but it was not recorded, or filed for record, until the 28th day of May, 1866. On the 27th April, 1866, the mortgagor made an absolute conveyance of the mortgaged premises to the defendant Ann Saffold, in part payment of a preëxisting debt; and this conveyance was recorded on the 30th April, 1866, before the registration or filing for registration of the mortgage. It is

averred in the bill, that Mrs. Ann Saffold had, at the making of the conveyance, notice of the mortgage. This averment is denied fully in her answer, and the only evidence on the point supports the answer, and contradicts the averment of the bill. The mortgage was made as a security for antecedent debts of the mortgagor; and the consideration of the absolute conveyance is an antecedent debt, due from the mortgagor to the grantee.

The statutes provide : " Conveyances of unconditional estates and mortgages, or instruments in the nature of a mortgage, of real property, to secure any debt created at the date thereof, are void, as to purchasers for a valuable consideration, mortgagees, and judgment creditors, having no notice thereof, unless recorded within three months from their date." R. C. § 1557. " All other conveyances of real property, mortgages, or deeds of trust, to secure any debts other than those specified in the preceding section, are inoperative and void, as to purchasers for a valuable consideration, mortgagees, and judgment creditors, without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees, or judgment creditors." R. C. § 1558.

A debt, whether created at the making of a conveyance, or previously existing, as a general rule forms a valuable consideration, supporting a conveyance, whether assailed by creditors, or impeached by subsequent purchasers. *Young* v. *Dumas*, 35 Ala. 60; *Pulliam* v. *Newberry*, 40 Ala. 168. This does not seem to be questioned by the appellee; but it is insisted, that a purchaser in payment of an antecedent debt cannot be deemed a purchaser for a valuable consideration, entitled to the protection of the statutes of registration; and in support of the proposition, we are referred to the cases of *Morrow* v. *Wells*, 38 Ala. 125 ; and *Dickerson* v. *Tillinghast*, 4 Paige, 214.

A defence against prior equities, or a prior conveyance, must be supported by a valuable consideration. Mere want of notice, and a subsequent grant or conveyance, however innocently accepted, though supported by a good and valid consideration, will not protect against them. The grantee must have parted with something valuable, must have changed his legal relation to the grantor, or he is not, in a court of equity, protected against prior equities, nor in any court, of law or equity, protected by the statutes of registration.

The case of *Wells* v. *Morrow, supra,* proceeds on this principle. A creditor had accepted a mortgage, as a security for a preëxisting debt, and was refused protection as a *bonâ fide* purchaser without notice, against the lien of a vendor for the purchase-money. The mortgagee had not changed his relation

[Kirby v. Vann.]

to his debtor. No new consideration, of forbearance to sue, or otherwise, entered into the mortgage. The debt remained as it was when the mortgage was made, capable of enforcement by all the legal remedies to which the creditor could have resorted, if the mortgage had not been made.

A different rule prevails, when the creditor, as in this case, accepts an absolute conveyance, in payment of an antecedent debt; he then becomes a purchaser for a valuable consideration, entitled to protection under the statutes of registration. The point was so adjudged in *Ohio Life Ins. & Trust Co.* v. *Ledyard* (8 Ala. 866), and the decision has not been since questioned. The case now cited, *Dickerson* v. *Tillinghast, supra*, with other New York cases, was pressed upon the consideration of the court, and it was said in answer to them : " The cases cited by the counsel for the defendant in error, from Paige and Wendell, to be found on his brief, are based upon a principle which does not obtain in this State : that the payment, or discharge of a preëxisting debt, is not a valuable consideration, in the same sense as paying money, or parting with property would be." The pleadings and proofs here fully disclose, that the conveyance to the defendant, Ann Saffold, was made in payment of a debt due and owing her by the grantor, William O. ; and this conveyance, though made subsequent to the mortgage, under which the complainant claims, was recorded prior to the registration of the mortgage. The priority of registration, under the statute, entitles her to priority of right.

It follows, that the decree of the chancellor is erroneous, and must be reversed, and the cause remanded for further proceedings in conformity with this opinion.

SAFFOLD, J., not sitting.