# Craft *v.* Russell.

*Bill in Equity to Enforce Vendor's lien on lands.*

1. *Vendor has lien on lands.*—In the absence of an agreement, express or implied, to the contrary, the vendor of lands has a lien on them for the unpaid purchase-money, which will prevail against a sub-purchaser with notice.

2. *Bona fide purchaser ; what necessary to sustain defense as.*—When a defendant sets up the defense of a *bona fide* purchaser for value without notice in answer to a bill, to enforce a vendor's lien on land, he must aver clearly, distinctly and without equivocation.—1. That he is the purchaser of the legal title. 2. That he purchased in good faith. 3 That he parted with value by paying money or other valuable thing, assuming a liability, or incurring an injury. 4. That he had no notice of complainant's equity, and knew no fact calculated to put him on enquiry, either at the time of his purchase, or at or before the time he parted with the consideration.

3. *Mortgagee ; when he is a purchaser for a valuable consideration.*—When a mortgage is taken as security for a pre-existing debt, the mortgagee is not a purchaser for a valuable consideration, but the rule is different when the mortgage is taken for a debt contemporaneously created, or when the day of payment is extended.

4. *Creditor taking conveyance, purchaser for value.*—When a creditor takes an absolute conveyance in payment of an antecedent debt he is a purchaser for value.

5. *Purchaser protected as to payments made before notice.*—A purchaser of lands is entitled to protection *pro tanto* to the extent of payments made by him before notice of the vendor's equity.

6. *Answer; how far taken as evidence.*—An answer can only be taken as evidence so far as it is responsive to the allegations and interrogatories in the bill,

| | |
|---|---|
| 67 | 9 |
| 94 | 578 |
| 67 | 9 |
| 96 | 356 |
| 97 | 371 |
| 67 | 9 |
| 99 | 18 |
| 67 | 9 |
| 101 | 405 |
| 67 | 9 |
| 105 | 198 |
| 105 | 280 |
| 105 | 482 |
| 67 | 9 |
| 117 | 478 |
| 67 | 9 |
| 140 | 579 |
| 67 | 9 |
| 141 | 534 |

[Craft v. Russell.]

and when its denials are clear, positive and distinct, and matters of defense, though in form responsive, cannot be taken as evidence.

7. *Parties, objection for want of; when may be disregarded.*--A demurrer for want of proper parties may be disregarded when the answer shows that all the parties really interested are before the court.

APPEAL from Mobile Chancery Court.

Heard before Hon. H. AUSTILL.

This was a bill filed by Russell and wife, against John Craft and Hugh Elliott, and sought to enforce a vendor's lien on a lot of land in the city of Mobile. The bill describes the lot, and states that it was a part of the statutory separate estate of Mrs. Russell; that on the 16th of October, 1875, complainants executed and delivered to one Hugh Elliott a deed to said land for the consideration of three hundred and fifty dollars, that being the amount of the purchase-money agreed to be paid therefor by said Elliott; that said Elliott executed his promissory note for the purchase-money of said lot, but that no part of it had ever been paid, and that it was still due to complainants; that said note was made at the time when the deed was executed to Elliott, and was payable four months after date. The bill further shows that on Aug. 1st, 1877, said Hugh Elliott made and delivered a deed to said lot, to one John Craft; that the consideration alleged in said deed was the sum of $125, but that said Craft did not pay to said Elliott said sum, or any part thereof, at the time of the execution and delivery of the deed, nor at any time before said Craft acquired knowledge of the lien held by the complainants on the land for the unpaid purchase-money; that the true and real consideration of said deed was to secure an indebtedness due by said Elliott to the firm of Tousmiere & Craft, of which defendant Craft was a member, and that no money was paid by Craft to Elliott for the land. The bill averred that Craft knew when he received the deed from Elliott, that the latter had not paid the purchase-money of the land, which was due to complainants, and prayed that they might be decreed to have a lien thereon, and that it be sold to pay the purchase-money. Defendant Craft demurred to the bill on the ground that while it averred that defendant held the title to the land, to secure an old indebtedness, due to Tousmiere & Craft, said Tousmiere was not made a party to the bill. This demurrer was incorporated in a sworn answer, which states that early in 1877, the defendant Craft became the owner by transfer from Tousmiere, of the firm of Tousmiere & Graham, of a debt due by open account from Hugh Elliott to said firm for the sum of sixty-five dollars; that he put this claim in the hands of a justice of the peace for collection, who brought suit on it; thereupon Elli-

[Craft v. Russell.]

ott offered to sell him the lot of land in controversy, in settlement of this debt, for the sum of $125. It was agreed between them that the debt due by Elliott to Tousmiere & Craft should be a part of the consideration paid for the land, as well as the costs of the suit in the justice's court, the cost of making and acknowledging the deed, certain unpaid back taxes and the cost of investigating the title to the lot; that he caused Elliott's title to be investigated by an attorney, who reported it to be good, and that he thereupon receipted Elliott's debt to him, paid the back taxes, and the cost of investigating the title, and of making and acknowledging the conveyance, and received from Elliott a deed conveying the lot to him in fee simple; that he bought the lot in good faith, and did not take the title as a mere security; that there was nothing on the records of the probate court of Mobile county to charge him with notice of complainant's lien, and that he had no notice or knowledge that complainant claimed any lien until several months after he had purchased the land; that J. H. Russell told him in August, 1877, about complainant's claim; that he owed Elliott about $25 when he first heard of complainant's claim, and this sum he had withheld from Elliott. In answer to an amended bill, defendant stated that he had not yet paid the back taxes due on the lot before he bought it. The chancellor overruled the demurrer, decreed a lien in favor of complainant, and ordered the property sold to pay the purchase-money. This decree is assigned as error.

HERNDON, CROOM & LEWIS, for appellant.—Appellant was a purchaser without notice of a mere vendor's lien, and not of an outstanding title; and equity in such cases will not decree that the land be sold, but only that it be subjected to the payment of the balance of the unpaid purchase-money, towards the satisfaction of the vendor's lien.—*Frost v. Beekman*, 1 Jh. Ch. R. 300; 7 Wh. 46; *Houston v. Stanton*, 11 Ala. 413; *Dixon v. Brown*, 53 Ala. 428. See, also, *Bankhead v. Owen*, 60 Ala. 465. In such a case as this the effect is to render him liable to account to the creditor, attacking the conveyance for any unpaid balance of the purchase-money.—*Florence v. Zeigler*, 58 Ala. 524. Appellant has the superior legal title, and the equities of the parties are at least equal, and hence the legal title must prevail.—2 Story's q. Jur. § 1603, 415. The firm of Tousmiere & Craft should have been made a party defendant.—Story's Eq. Pl. 207; 7 Ala. 369; *Prout v. Hoge*, 57 Ala. 30.

BOYLES, FAITH & CLOUD, for appellee.—Appellant was not a *bona fide* purchaser.—19 Ala. 50; 31 Ala. 175. The consider-

ation of his purchase was an antecedent debt due to the firm of Tousmiere & Craft by Elliott.

SOMERVILLE, J.—The decisions of this court have been uniform in holding, that the vendor of lands, in the absence of an agreement, express or implied, to the contrary, retains a lien on the lands sold and conveyed for the unpaid purchase-money, which shall prevail against any sub-vendee who purchases with notice of the original vendor's equity.—*Foster v. Atheneum*, 3 Ala. 302; *Buford v. McCormick*, 57 Ala. 428. And when a bill is filed to enforce such lien, a plea put in by a defendant claiming to be a *bona fide* purchaser for value without notice, in order to be available as a protection against a prior equity or conveyance asserted by the complainant, must aver clearly, distinctly and without equivocation the following facts : (1) that he is the purchaser of the legal as distinguished from an equitable title ; (2) that he purchased the same in good faith ; (3) that he parted with value as a consideration therefor by paying money or other thing of value, assuming a liability or incurring an injury ; (4) that he had no notice, and knew no fact sufficient to put him on inquiry as to complainant's equity, either at the time of his purchase, or at, or before the time he paid the purchase-money, or otherwise parted with such value.—*Moore v. Clay*, 7 Ala. 742 ; *Johnson v. Toulmin*, 18 Ala. 50 ; *Ledbetter v. Walker*, 31 Ala. 175 ; 2 *Smith's Leading Cases*, (White and Tudor) 73, 74 ; *Ware v. Curry*, 67 Ala.; *Thames v. Rembert's Adm'r*, 63 Ala. 561 ; *Buford v. McCormick*, 57 Ala. 428 ; *Saffold v. Wade's Ex'r*, 51 Ala. 214 ; *Hallet v. Collins*, 10 How. (U. S.) 174; *Nantz v. McPherson*, (7 T. B. Monroe, 597) ; 18 Amer. Dec. 216 ; *Jackson v. McChesney*, (7 Cow. 360) 17 Amer. Dec. 520 ; *Gilpin v. Davis*, (2 Bibb, 416), 5 Amer. Dec. 622.

And while a mere mortgage or deed of trust taken as security for a pre-existing debt does not constitute the mortgagee a *bona fide* purchaser for value, yet the rule is different where the creditor takes a mortgage for a debt contemporaneously contracted, or extends the day of payment of an antecedent debt, or accepts an absolute conveyance in payment of such antecedent debt, for in the latter case the debt is extinguished and the relation of the parties is entirely changed.—*Wells v. Morrow*, 38 Ala. 125 ; *Saffold v. Wade's Ex'r, supra; Thames v. Rembert's Adm'r, supra ;* Code (1876) §§ 2166-7. As to a partial payment made by the purchaser before notice, he is protected as having acquired an equity, *pro tanto—Sewing Machine Co. v. Zeigler*, 58 Ala. 222.

The answer of a defendant can be taken as evidence only so far as it is responsive to the allegations and interrogatories of

[Smoot v. Mobile & Montgomery Railway Co.]

the bill, but the denials of the answer must be positive, clear and distinct, and not evasive, uncertain or illusory. Mere matters of defense, which are averred in the answer, though in form responsive, cannot be taken as evidence, unless sustained by proper proof in the ordinary way.—*Adam's Eq.* 363, (*note*); *Dunn v. Dunn*, 8 Ala. 784; *Walker v. Miller*, 11 Ala. 1067; *Wakeman v. Grover*, 4 Paige, 23.

The statements of Craft's answer, made to the bill in this case are not, we think, sufficiently distinct and unequivocal, when tested by the foregoing cardinal principles. His allegations, furthermore, as to Elliott's agreement to allow, as a credit on the purchase-money of the land, the cost of the conveyance, back taxes and other items specified, present matters of defense not responsive to the bill, and should have been proved otherwise than by Craft's sworn answer. The evidence, therefore, fails to sustain these items, and they were properly disallowed.

The appellant further assigns as error, the overruling of his demurrer, which was based upon the suggestion that Tousmiere should have been made a party to complainant's bill. The rule of practice established in this court is, that where such a demurrer is interposed for want of proper parties defendant, and the answer shows that all interested parties are really, and in fact before the court, there is no good reason why complainant should be compelled to amend his bill, or that it should be dismissed; the objection may be properly disregarded, and there is no error in proceeding to a final decree.—*Chapman v. Hamilton*, 19 Ala. 121, 125.

The decree of the Chancellor is affirmed.