# Roswald *v.* Imbs & Co.

*Trover for Conversion of Goods, by Vendor against Assignee of Fraudulent Purchaser.*

1. *Fraud in purchase of goods; burden of proof as to notice by subpurchaser.*—In an action of trover for the conversion of goods, brought by the vendor against a sub-purchaser from the original fraudulent purchaser, the plaintiff having proved that the latter obtained the goods with the fraudulent intent of not paying for them, the *onus* is on the defendant to show a purchase for value by himself; but he is not required to go further, and disprove notice of the fraud on the part of the original purchaser.

APPEAL·from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by " J. F. Imbs & Co.," described as a corporation organized under the laws of Illinois, against Amelia Roswald and Philip Stobl, who were doing business together in the city of Montgomery as partners, to recover damages for the alleged conversion by the defendants of eighty

barrels of flour; and was commenced on the 14th March, 1882. The cause was tried on issue joined on the plea of not guilty, and resulted in a verdict and judgment for plaintiffs, for $400. It was proved on the trial, as appears from the bill.of exceptions, that the flour was sold by plaintiff, through its agent in Montgomery, to one N. Locke, a retail merchant in that city, on a credit of thirty and sixty days, and was bought from said Locke by the defendants, through S. Roswald, their purchasing agent. The plaintiff proved that Locke never paid for the flour, but became insolvent a short time after the purchase was made; and adduced evidence tending to show that he obtained the flour with the fraudulent intention of never paying for it, and that the defendants, when they purchased, had knowledge of facts which charged them with notice of such fraudulent intent, though they paid for the flour in cash. The court gave the following charge to the jury, at the instance of the plaintiff: "(2.) If Locke got no title, by reason of a fraud upon plaintiff, then Roswald & Stohl, who bought from him, took no better title than he had, unless they show that they purchased for value, and without notice of any facts or circumstances to put them on inquiry in regard to the defect of Locke's title to the goods." The defendants excepted to this charge, and they now assign it as error.

WATTS & SON, for appellant.

ARRINGTON & GRAHAM, *contra.*

STONE, C. J.—Charge No. 2, given at the request of plaintiff below, can not be maintained. It requires the defendants, not only to prove the affirmative fact that they had purchased the flour, and paid a valuable and adequate consideration for it, but to take a further step, and prove that, at the time they made the·purchase and payment, they were "without notice of any facts or circumstances to put them upon inquiry in regard to the defect of Locke's title to the goods." This was requiring too much of them. Such is not the order of proof. The burden was first on the plaintiff, to show by facts and circumstances that Locke obtained the goods with the fraudulent intent of not paying for them.—*Loeb v. Flash,* 65 Ala. 526. This would entitle the plaintiff to recover against Locke, or any one else who did not show a better title. The *onus* would then shift, and Roswald & Stohl must show they were purchasers of the goods for value. Doing this, they could rest on their defense, unless, in proving it, they showed they had knowledge of Locke's fraud, or of facts and circumstances which should have put them on inquiry, which, if followed up,

[Beard, Wright & Hamil v. Woodard.]

would have discovered the fraud. The *onus* would again shift, and if Imbs & Co. claimed that Roswald & Stohl had notice of Locke's fraud before they concluded their purchase, the duty would rest on that corporation to make proof of it. *Thames v. Rembert*, 63 Ala. 561; *Craft v. Russell*, 67 Ala. 9; *Lehman, Durr & Co. v. Kelly*, 68 Ala. 192.

Reversed and remanded.