## Inge v. Johnston.

## and

## Inge v. Johnston.

APPEALS from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

GREGORY L. & H. T. SMITH, for appellants.

SEAY & DeGRAFFENREID and TUTWILER & JONES,
*contra.*

These were statutory action of ejectment for the recovery of land, prosecuted separately by Georgia and Hanson Johnston, respectively. The facts in the two cases are the same, and they were submitted together.

The plaintiffs claimed title to the land under the will of Thomas M. Johnston, deceased; and the only question reviewed on the present appeal was the sufficiency of the proof of the will of Thomas M. Johnston, deceased, as a muniment of plaintiffs' title, which was essential to their rights of recovery.

In reference to the introduction of this instrument as evidence, the facts were as follows: Upon the plaintiffs' attorney stating that the original will was locked up in the safe in the probate judge's office, but that he had the will book belonging to the probate office, in which the will was recorded, the attorney for the defendant said that he was willing to treat the copy contained in said will book "as the original, and make no objection to it." There was no evidence that the will had been probated. This court, in reviewing the cause, held, that what was said by the defendants' attorney was only a consent to treat the copy in the book as the original paper, and was not a pretermission of the proof of probate, or a waiver of any right he otherwise had, to question the efficacy of the paper as a muniment of title, in the absence of such proof; and that the will, without proof of its having been probated in the court of probate, vested no title in the plaintiffs to the land sued

for.—*Desribes v. Wilmer*, 69 Ala. 28 ; *Jordan v. Jordan*, 65 Ala. 305 ; *Hawkins v. Dumas*, 41 Ala. 391.

It was, therefore, held that the court erred in giving the general affirmative charge in favor of the plaintiff, and the judgment in their favor was reversed, and the cause remanded.

Opinion by McCLELLAN, J.

HARALSON, J., not sitting.

---

# Bell, Admr. v. Montgomery Light Co.

*Petition for the Appointmnnt of a Receiver.*

1. *Jurisdiction of equity as affected by amount in controversy.*—The maxim *de minimis lex non curat* applies to suits brought in courts of equity in this State, and unless the complainant's demand exceeds $20, a court of chancery will not take jurisdiction of the cause of action.

2. *Same; petition for the appointment of a receiver; when properly disallowed.*—A stockholder of a business corporation, filed his bill to redress alleged corporate wrongs, and asked for the appointment of a receiver of the corporation. He averred in his bill that he owned stock of the nominal face value of $8, but that its real value was $100, and the grounds upon which the receiver was asked were, that by the mismanagement and fraud of P., the corporation had become practically insolvent, and "the stock wholly valueless on the market." It was further averred in the bill that the capital stock of the corporation consisted of 2,000 shares of $100, each, and that P. was owner of about 1,800 shares. There was no averment as to the insolvency of P., but there was an *ex parte* affidavit to that effect, to which P. filed no counter affidavit. It was averred by P. and the company, by way of plea and answer, that the entire interest and value of complainant's stock did not exceed $8. There was no evidence introduced by the complainant to support the averment that his stock certificate for $8 was of the value of $100. The creditors of the corporation were not complaining of the mismanagement of P. *Held:* That the appointment of a receiver upon the petition of the complainant was properly refused.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JERE N. WILLIAMS.

CLARK & THOMAS and J. M. CHILTON, for appellant.