**MURPHREE et al. v. GRIFFIS.** (7 Div. 651.)

(Supreme Court of Alabama. Oct. 14, 1926.)

**Wills ⬳744.**

Probate of will after death of devisee and after she sold the land *held* to relate back to death of testator, so as to entercept descent of land to heirs of testator and to vest land in purchaser.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action in ejectment by J. C. Murphree and others against M. Griffis. From a judgment for defendant, plaintiffs appeal. Affirmed.

Harvey A. Emerson, of Anniston, for appellants.

A will cannot be recognized as valid until it has been legally probated. Sheridan v. Schimpf, 120 Ala. 479, 24 So. 940; Desribes v. Wilmer, 69 Ala. 25, 44 Am. Rep. 501; Jordan v. Jordan's Adm'r, 65 Ala. 301; Kinnebrew v. Kinnebrew's Adm'r, 35 Ala. 628. An unprobated will vests no title and has no legal effect as a conveyance. Self v. Self, 212 Ala. 512, 103 So. 591; Inge v. Johnston, 110 Ala. 651, 20 So. 757; Jordan v. Thompson, 67 Ala. 469; 40 Cyc. 1225.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

The will takes effect from the death of the testator, and lands devised vest immediately in the devisees. Thompson on Wills, § 508; Hall v. Hall, 47 Ala. 297; Taylor v. Harwell, 65 Ala. 1; Whorton v. Moragne, 62 Ala. 202; Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13; Touart v. Rickert, 163 Ala. 362, 50 So. 896; 40 Cyc. 1995. The probate of the will is conclusive, and is not subject to collateral attack. Brock v. Frank, 51 Ala. 85; Thompson on Wills, § 508; Hall v. Hall, 47 Ala. 290.

MILLER, J. This is an action of ejectment brought by J. C. Murphree and others, the heirs at law of D. M. Murphree, deceased, against M. Griffis, to recover possession of certain land particularly described in the complaint. The cause was tried, on plea of general issue, by a jury; a verdict was returned in favor of the defendant; and, from a judgment thereon by the court, this appeal is prosecuted by the plaintiffs.

It is admitted that D. M. Murphree is the common source of title of the parties. He died about September 1, 1910, in possession of this land, owning and using it as a homestead, leaving a widow and no children, and the plaintiffs are his heirs at law. He left a last will and testament, dated the 29th of August, 1903, which was duly executed and attested. By this will he devised this land in fee, which was all that he owned, to his wife, Ellen Murphree. She was the sole devisee of all of his estate. His widow, after his death, married J. A. Bramlett, and they by warranty deed sold and conveyed this land to the defendant in 1912, and a description of the land was corrected by deed from the said vendors to this vendee in 1915. It is admitted that this will and petition for its probate were filed in the probate court of Calhoun county, Ala., in October, 1910, but no decree of the court admitting it to probate on the petition is shown by the minutes of the court; "that on a petition filed in 1925 the will was duly admitted to probate on August 19, 1925," by the probate court of Calhoun county, Ala., and due notice was

given the heirs of decedent of the petition to probate this will, which was filed in 1925, and no notice was given the heirs of petition filed in 1910, which attempted to probate this will.

The widow of the decedent died in February, 1922, and this suit was commenced on February 24, 1923. The decedent, at the time of his death, was a resident citizen of Calhoun county, Ala.

The court gave the general affirmative charge with hypothesis, which was in writing, in favor of the defendant; and refused a similar charge in favor of the plaintiffs, which was in writing and requested by them. These are assigned as errors.

This is a contest over the legal title to the homestead of the decedent, between the plaintiffs, claiming it as his heirs at law, and the defendant, a vendee of the widow of the decedent, who was his sole devisee in his will.

Under the facts, which are without dispute, the parties in their briefs practically agree, and correctly so, that the record presents only one question, whether the probate of the will, after the death of the devisee and after she sold the land and after this suit was commenced, relates back to the death of the testator, so as to intercept the descent of this land to the plaintiffs, the heirs of D. M. Murphree, deceased, the testator.

It is true, this court in Desribes v. Wilmer, 69 Ala. 25, 44 Am. Rep. 501, correctly wrote:

"An instrument, testamentary in its character, cannot be recognized as valid in any forum until it has been admitted to probate."

It was quoted with approval in Sheridan v. Schimpf, 120 Ala. 479, 24 So. 940. And again in Inge v. Johnston, 110 Ala. 650, 20 So. 757, this court stated:

"That the will, without proof of its having been probated in the court of probate, vested no title in the plaintiffs to the land sued for,"

—which was approved in Self v. Self, 212 Ala. 512, headnote 12, 103 So. 591. These declarations by this court are not inconsistent with the holdings in the following cases: Whorton v. Moragne, 62 Ala. 201, 207, in which this court said:

"At the common law, the authority and duty of an administrator extended only to personal assets. Lands descended immediately on the death of the ancestor to the heir, who was invested with the title and all its incidents. The title of an executor, if there was no devise of the lands to him, and no power over them conferred by the will of the testator, was also confined to the personal assets. Lands devised passed immediately on the death of the testator to the devisee."

This court again, in Hall's Heirs v. Hall, 47 Ala. 290, 297, wrote:

"On the death of the testator, James M. Hall, the title to said house and lot vested immediately, by virtue of his will, in his widow as devisee; and, on her death, descended to her heirs at law."

This court in Goodman v. Winter, 64 Ala. 429, 38 Am. Rep. 13, wrote:

"That there was a partition in 1842, before probate of the will in this state, is not a disputed fact. The interest of a devisee vests immediately on the death of the testator. No estate can or ought to intervene between that of the testator and the devisee. Some period of time must elapse between the death of the testator and the probate, when probate is essential as evidence of the title of the devisee—of the due execution and validity of the will. Then the probate has relation to the death of the testator, and is evidence of the title of the devisee vesting at that time. 3 Wash. Real Prop. 450. Where registration or probate of a foreign will is necessary according to the local laws, as evidence of the title of the devisee, the registration or probate has relation to the death of the testator, and the title is regarded as vesting from that period, and not from the registration or probate. Poole v. Fleeger, 11 Pet. 211 [9 L. Ed. 680, 955]; Spring v. Parkman, 12 Me. 127; Hall's Lessee v. Ashby, 9 Ohio, 96 [34 Am. Dec. 424]."

In Touart v. Rickert, 163 Ala. 367, 50 So. 897, this court stated:

"In this case the will under which the appellee claimed title was not probated until seven years after the death of Mary Rodrigues, the testatrix. Nevertheless the interest devised by the will to the appellee took effect immediately upon the death of the testatrix. This principle is clearly settled by the case of Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13."

In Thompson on Wills, § 508, we find this general rule applicable to the facts of this case:

"A decree of probate is generally regarded as in the nature of a judgment in rem, and, in the absence of statutory provisions, is conclusive against all the world, as to the validity of the will and affirms the title of the beneficiary under the will from the time of the testator's death, relating back so as to make valid whatever has been previously done, which, under the will, after probate the beneficiary could lawfully have done."

In 40 Cyc. 1995, we find this general text applicable here:

"Unless the will is invalid, the legal title to land devised passes by the will itself to the devisee which operates as a conveyance. Title does not vest in the devisees before the testator's death. It does, however, vest at that time and not at the probate of the will, since the fee cannot be kept in abeyance."

The decedent, D. M. Murphree, left a valid last will and testament. This land by it was devised to his wife, the vendor of the defendant. The title to this land vested under this will in her at the death of the testator. The proof of her title was evidenced by this will. To prove her title, it was necessary that the will should be probated; and, when duly probated, either before or after her

death, it was evidence of her title, which was vested in her at the time of the testator's death, by this instrument. The title to this land of this devisee vested in her at the death of the testator; and not at the time of the probate of the will. The title cannot be kept in abeyance. The will and its probate are the proof of her title; and when probated it relates back to the death of the testator, so as to make valid whatever she had previously done with the land, which under the will, after probate, she could have lawfully done. Some time, from necessity, must intervene between the death of the testator and the probate of his will; and, when it is duly probated, it is evidence of the title of the devisee as vesting in her at the time of the death of the testator. Authorities supra.

So, under the admitted facts and the foregoing authorities, we hold the title to the land sued for is in the defendant. It did not, at the time of the death of D. M. Murphree descend to his heirs, the plaintiffs, but it vested in his widow, Ellen Murphree, his devisee, by his will, which was duly admitted to probate; and the title devised to her passed by her warranty deed to the defendant, vesting in him the legal title to this land.

And the court correctly gave the general affirmative charge, in favor of the defendant, and properly refused a similar charge in favor of the plaintiffs.

It results that the record is free from error, and the judgment is accordingly affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.