39 So.2d 224

## LARKINS v. HOWARD.

### 4 Div. 498.

Supreme Court of Alabama.
Feb. 24, 1949.

C. L. Rowe, of Elba, for appellant.

J. A. Carnley, of Elba, and E. C. Boswell, of Geneva, for appellee.

SIMPSON, Justice.

Appeal from interlocutory decree sustaining demurrer to the bill as amended, the trial court taking the erroneous view that the relief sought was within the bar of the statute of frauds. Code 1940, Tit. 20, § 3.

The case made by the bill is: V. L. Larkins in 1927, then aged and infirm, duly executed his last will and testament devising to appellant all of his property, including the suit property where the couple resided as a homestead during testator's lifetime, in consideration of the oral agreement of appellant, who was his wife and then young, strong, and regularly employed, that she would work and earn money to support and care for him during his old age and until his death. Appellant fully performed this agreement and did work and earn money and did care for, support, and maintain him until his death on October 17, 1942, and in carrying out said agreement expended in this behalf the sum of $2,000. The will was duly admitted to probate and appellant claims title to the property under it and since testator's death has continued to live on the property and has been in the open and exclusive possession thereof.

The bill seeks to remove as a cloud on this title of appellant a voluntary conveyance executed by Larkins to appellee in 1899, of which appellant had no notice or knowledge, conveying the property in remainder, but which deed was withheld from the record until after Larkins' death, having been filed for record October 24, 1942. There was no fact or circumstance to put appellant on notice or to excite her inquiry as to any claim of title by appellee to the property; she (appellant) and Larkins lived on a part of the property as a homestead during all the period stated and he was the record owner of the full legal title and had been the exclusive and adverse possessor thereof until his death. There is an alternative prayer that the complaining appellant be declared a creditor of the estate to the extent of the money expended in compliance with the agreement, but our view of the case renders it unnecessary to consider the alternative prayer.

This is not a case where, after the death of a property owner, specific performance of his oral agreement in his lifetime to make a will, the property owner remaining in possession of the property, has been denied as within the statute of frauds. Such cases are Knight v. Smith, 250 Ala. 113, 33 So.2d 242; Vickers v. Pegues, 247 Ala. 624, 25 So.2d 720; Jones v. Jones, 219 Ala. 62, 121 So. 78.

■ Here the equity sought by the bill, to which the demurrer was sustained, is the enforcement of a superior title held by appellant under a will, as against a deed, unregistered at the testator's death, by which he conveyed in his lifetime the property in remainder to appellee. The will was duly executed in accordance with and in consideration of an agreement of the beneficiary (appellant) to support and care for the testator during his lifetime, which she fully performed and about which she expended $2,000. The case is governed by the principle controlling executed agreements irrevocable in character, and is not within the influence of the statute of frauds. Bolman v. Overall, 80 Ala. 451, 2 So. 624, 60 Am.Rep. 107; Talley v. Talley, 248 Ala. 84, 87(8), 26 So.2d 586; Stearnes v. Woodall, 218 Ala. 128, 117 So. 643; McMahan v. Jacoway, 105 Ala. 585, 17 So. 39.

The above-cited Bolman case took notice that enforcement of rights under such a will was not within the statute of frauds and also that though the instrument was "testamentary in frame and verbiage. * * * it is also a contract * * * and when based on a valuable consideration, a paper in form a will may, especially when delivered to a party interested, or to another for him, constitute legally and in fact an irrevocable contract. Taylor v. Kelly, 31 Ala. 59 [68 Am.Dec. 150]; Kinnebrew v. Kinnebrew, 35 Ala. 628; Schouler, Wills, §§ 452, 453." 80 Ala. at page 454, 2 So. at page 625.

■ It is thus clear that appellant obtained contractual rights in the property on the due execution of the will, and, with her full performance of her agreement, on the death of the testator and the due probate of the will, her equities therein ripened into a full legal title as against all equities and claims not known to her or notice of which she was not legally chargeable. She is therefore protected in her title against the claim which appellee makes

under the unregistered deed by the rule governing bona fide purchasers.

 In order to constitute one a bona fide purchaser and entitle him to the protection of the rule, as against a prior equity or conveyance, it is essential:

"* * * (1) that he is the purchaser of the legal as distinguished from an equitable title; (2) that he purchased the same in good faith; (3) that he parted with value as a consideration therefor by paying money or other thing of value, assuming a liability or incurring an injury; (4) that he had no notice, and knew no fact sufficient to put him on inquiry as to complainant's equity, either at the time of his purchase, or at or before the time he paid the purchase-money, or otherwise parted with such value." Craft v. Russell, 67 Ala. 9, 12, and cases cited. Webb v. Elyton Land Co., 105 Ala. 471, 482, 18 So. 178, 180; Sherrod v. Hollywood Holding Corp., 233 Ala. 557, 173 So. 33; Gibson v. Gibson, 200 Ala. 591, 76 So. 949; Holly v. Dinkins, 202 Ala. 477(2), 80 So. 861; Starr Piano Co. v. Baker, 8 Ala.App. 449, 62 So. 549; Myers v. Van Buskirk, 96 Fla. 704, 119 So. 123.

Such was the status of appellant as regards her title under the duly probated will, on October 17, 1942, the date of Larkins' death.

"* * * the probate of a will relates back to the time of the testator's death, and supports the title of the devisee or of anyone claiming under or through him." 48 A.L.R. 1035; Murphree v. Griffis, 215 Ala. 98, 109 So. 746, 48 A.L.R. 1032.

By the public records Larkins had the full legal title, was in the open and exclusive possession of the property until his death, and both parties claim under him. The testator died October 17, 1942, at which time, on the due probate of the will devising her the property, the status of appellant's title became fixed. She then became invested with legal title, having paid the full consideration therefor without any notice of any outstanding equity or claim of appellee, whose deed was not then recorded as the law required for constructive notice.

Appellee's deed was therefore inoperative and void as against the title thus acquired by appellant. Code 1940, Title 47, § 120; Gordon v. Ward, 221 Ala. 173, 128 So. 217(3); Holly v. Dinkins, supra; Winters v. Powell, 180 Ala. 425, 433, 61 So. 96; Bridgewater v. Schaefer, 5 Cir., 164 F.2d 447.

Our view is the bill was well filed. The decree of the trial court must be reversed and one will here be rendered overruling the demurrer.

Reversed, rendered, and remanded.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.