60 So.2d 427

## HOLGERSON et al. v. GARD et al.

### 1 Div. 481.

Supreme Court of Alabama.

Aug. 27, 1952.

Caffey, Gallalee & Caffey, Mobile, for appellants.

582

McCorvey, Turner, Rogers, Johnstone & Adams and C. A. L. Johnstone, Jr., Mobile, for appellees.

**STAKELY, Justice.**

This is a suit filed in equity for reformation of certain deeds and to quiet title against some of the respondents.

On December 31, 1945, Verdie Narkates Gard (one of the appellees) was the owner of Lots 7, 8, 9 and 10 in Block 14 of the Bascomb Tract, according to a plat duly recorded in the Probate Court of Mobile County. [The report of the case will show the aforesaid plat]. Mrs. Gard purchased the aforesaid lots in 1936 or 1937. She used the part which is designated as lot No. 10 as a chicken yard and for this purpose it was fenced on all four sides. At some time prior to 1945 she bought a small house and moved it on to her property. It became house No. 1257 Easton Street. A short time prior to December 31, 1945, she approached Charles H. Shoemake, Jr., and offered to sell him house and lot No. 1257 Easton Street. She pointed out the boundaries of the property which she proposed to sell. The house No. 1257 Easton Street was located partly on Lot 10 and partly on on Lot 9 and she had constructed a fence, running northwardly and southwardly, across Lots 7, 8 and 9 so that the portion of Lots 7, 8 and 9 which lay to the east of the fence was a part of the premises upon which she had located the house and which she pointed out to Mr. Shoemake as the property she was offering for sale. The fence which had been constructed across Lots 7, 8 and 9 was the west boundary of the property which she was offering for sale and which he intended to buy.

In order to carry out the understanding which had been reached between Mrs. Gard and Mr. Shoemake, on December 31, 1945 a deed was executed by Verdie Narkates Gard and her husband Thomas O. Gard to Charles H. Shoemake, Jr. This deed described the property as Lot 10 in Square 14 of the Bascomb Tract as per plat recorded in Deed Book 128 N.S. at page 1. As a matter of fact Lot 10, according to the plat, has a frontage of 50 feet on Easton Street and runs back south 150 feet of even width. But the property which Mrs. Gard intended to sell and which Mr. Shoemake intended to buy included not only Lot 10 but a strip off of the eastern side of Lots 7, 8 and 9 which lay east of the fence. This additional strip had a frontage of 22 feet on Easton Street on its north line and 14 feet on the south boundary of Lot 7, which was the south boundary line of the strip. In other words, the lot actually conveyed by the deed lacked 22 feet of going to the fence on its north boundary line and 14 feet on its south line.

When Mr. Shoemake accepted the deed he understood that the existing fence was the west boundary line of the lot which the deed purported to convey. Mrs. Gard put him in possession of the house and lot up to the fence and he continued in possession thereof, claiming from the fence on the west boundary line of the lot, until he sold

the lot to Alma Holgerson and her husband Allan Holgerson (appellants) on or about February 13, 1947. Mrs. Holgerson handled the transaction with Mr. Shoemake, her husband being a sea captain and absent at the time. He agreed to sell and she agreed to buy the property which he considered he had bought from Mrs. Gard. As a matter of fact, however, the deed from Chas. H. Shoemake, Jr., and his wife to Alma Holgerson and her husband described the property as being Lot 10 of Block 14 of the Bascomb Tract. At the time there was a fence on the south side, on the east side and on the west side except at the rear. The parties understood that Mr. Shoemake was selling and that Mr. and Mrs. Holgerson were buying the house and lot from fence to fence. Mrs. Holgerson went in possession and used the property up to the west fence without objection or question on the part of Mrs. Gard.

The court correctly found that the description contained in the two aforementioned deeds arose out of a mutual mistake and accordingly, except as to any portion of Lot 7, Block 14 of the Bascomb Tract, decreed a reformation of the two deeds so as to show the property which was actually intended to be bought and sold. Section 133 et seq., Title 47, Code of 1940.

In August 1947 Mr. and Mrs. Gard executed and delivered to William Zdenek and Ethel Zdenek a deed to Lot 7 in Block 14 of the Bascomb Tract. The court decreed that the complainants Allan and Alma Holgerson "are entitled to no part of Lot 7, Block 14 of the Bascomb Tract" and that they were enjoined from trespassing upon or disturbing the possession of William and Ethel Zdenek in and to the aforesaid lot. It seems to be conceded that the correctness of the action of the court turns upon the question as to whether William and Ethel Zdenek were bona fide purchasers for value from the Gards, without notice of the equity in Lot 7 of the Holgersons.

Before we get to the evidence on the issue of bona fide purchase for value, our attention has been directed to the pleading on such an issue. As against an outstanding equity a bona fide purchase for value without notice must be specially pleaded where this does not appear on the face of the bill. Adams v. Pollak, 217 Ala. 688, 117 So. 299. And if the pleading is defective in this respect, even though there is proof, the respondent cannot have the benefit of this defense without amendment. Hooper Adm'r. v. Strahan, 71 Ala. 75. In the recent cases of Larkins v. Howard, 252 Ala. 9, 39 So.2d 224, 7 A.L.R.2d 541, and Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376, citing Craft v. Russell, 67 Ala. 9, and other authorities, it was said that in order to constitute one a bona fide purchaser without notice and entitle him to the protection of the rule as against a prior equity or conveyance, it is essential " ' * * * (1) that he is the purchaser of the legal as distinguished from an equitable title; (2) that he purchased the same in good faith; (3) that he parted with value as a consideration therefor by paying money or other thing of value, assuming a liability or incurring an injury; (4) that he had no notice, and knew no fact sufficient to put him on inquiry as to complainant's equity, either at the time of his purchase, or at or before the time he paid the purchase-money, or otherwise parted with such value.' * * *" [252 Ala. 9, 39 So.2d 226.]

Appellants contend that a plea or answer setting up the defense of bona fide purchase for value without notice must allege that the purchase was from one in actual or constructive possession who was seized or claimed to be seized of the legal title at the same time. In support of this proposition the appellant cites the following cases: Hooper v. Strahan, 71 Ala. 75; May v. Wilkinson, 76 Ala. 543; Tutwiler v. Montgomery, 73 Ala. 263; Webb v. Elyton Land Co., 105 Ala. 471, 18 So. 178. Assuming for the purpose of discussion that the pleading omits the allegation referred to, we do not think that there is any contradiction in the early decisions of this court which have just been cited and the recent decisions of this court which have been referred to above. We say this because if in accordance with essential (4), as set forth in Larkins v. Howard, supra, and

584

Lightsey v. Stone, supra it is alleged and shown that the purchaser had no notice and knew of no fact sufficient to put him on inquiry as to the complainant's equity at the time of his purchase or at or before he paid the purchase money, then the requirements of the earlier cases have been complied with, where it is shown that the purchaser is a purchaser of the legal as distinguished from an equitable title. The vital question is not whether the purchaser bought from one in or out of actual or constructive possession, but whether the purchaser had no notice and knew of no fact sufficient to put him on inquiry. Of course, it must be conceded that if there is possession by another than the grantor, then the purchaser would be put on his guard and be required to make inquiry as to the rights of such other person in possession. Alexander v. Fountain, 195 Ala. 3, 70 So. 669; Evans v. Bryan, 202 Ala. 484, 80 So. 868.

It will be noticed that in both Webb v. Elyton Land Co., supra, and in Sherrod v. Hollywood Holding Corp., 233 Ala. 557, 173 So. 33, the case of Craft v. Russell, 67 Ala. 9, is cited along with Hooper v. Strahan, supra, and May v. Wilkinson, supra, as to the requirements of a plea of bona fide purchase for value without notice, just as though there was no conflict in these cases, even though in Craft v. Russell, supra, there is no statement of a requirement of purchase from one in actual or constructive possession.

In Thompson on Real Property, Vol. 8, § 4287, the matter is stated as follows:

"The courts define a 'bona fide purchaser' to be one who has in good faith paid a valuable consideration without notice of the adverse rights in another. In other words, it is essential that he be a good faith purchaser for value without notice. The three elements necessary to constitute an innocent purchaser are payment of a valuable consideration, absence of notice, and good faith on the part of the purchaser.

"He not only must have purchased in good faith and for a valuable consideration without notice, but he must have had no knowledge or notice of prior rights at the time of his purchase or at any time prior to payment of the purchase-price. It is the policy of the law to protect such purchasers. The bona fide purchaser doctrine applies only to legal title. * * *."

We accordingly consider that the pleading in the case at bar in the respect which has been under discussion is adequate to set up the defense of bona fide purchaser for value without notice.

It is also claimed that there is not a sufficient allegation that William and Ethel Zdenek had no notice or knowledge of the equity of the Holgersons. In the answer of William and Ethel Zdenek it is averred that they had no notice or knowledge of the facts which complainants had alleged in their bill of complaint as constituting the basis of their claim of an equity. This was the only equity which the complainants asserted in the bill of complaint and William and Ethel Zdenek alleged directly and positively that they had no notice or knowledge of such equity. The pleadings in this last respect were also sufficient.

We come now to a consideration of the evidence on the issue of bona fide purchase for value without notice. We have read and reread the record with great care but we see no reason to discuss in detail the considerable amount of evidence adduced on this issue. Beasley v. Ross, 234 Ala. 335, 174 So. 764. Suffice it to say that we have reached the conclusion that the trial court was correct in holding that William Zdenek and Ethel Zdenek were purchasers for value of Lot 7 without notice of the asserted equity in Lot 7 claimed by the Holgersons. Without question the proof showed the conveyance of the legal title by the Gards to William and Ethel Zdenek and payment of a valuable consideration therefor by the grantees. This created a presumption that the purchase was in good faith and placed the burden upon the complainants (Holgersons) of showing by evidence that the Zdeneks took with notice of the equity of the Holgersons. Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376; Stone v. Lacy, 245 Ala. 521, 17 So.2d

865. It is claimed by the Holgersons that they had such possession of Lot 7 at the time the deed was made to William and Ethel Zdenek as to put William and Ethel Zdenek on notice of the equity of the Holgersons in Lot No. 7. However, for possession to operate as notice it must be open, visible, exclusive and unambiguous, not liable to be misconstrued or misunderstood. Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376; Wells, Adm'r v. American Mortgage Company of Scotland, 109 Ala. 430, 20 So. 136; Rankin Manufacturing Company v. Bishop, 137 Ala. 271, 34 So. 991.

It is furthermore true that possession to put a purchaser upon inquiry and to operate as constructive notice, must exist at the time of the transaction by which his rights and interests are created. Lightsey v. Stone, supra; Holly v. Dinkins, 202 Ala. 477, 80 So. 861; O'Neal v. Prestwood, 153 Ala. 443, 45 So. 251.

It is insisted by the appellants that there were physical facts which were sufficient to put William and Ethel Zdenek on notice of the possession of the part of Lot 7 claimed by the Holgersons. It is claimed that there was a fence running across the western boundary of the property of the Holgersons over Lot 7. On the contrary, however, this is disputed and there is testimony to show that at the time the fence was not in existence and the only fence which marked the western boundary line of the Holgerson property was that which was a trellis for some roses which did not extend back to Lot 7.

It is further contended that the part of Lot 7 in controversy was mowed as a lawn by the Holgersons, but on the contrary there is testimony that the lawn of the Holgersons did not extend back to Lot 7, but on the contrary this part of Lot 7 was grown up in weeds and high grass.

We do not consider that the complainants carried the burden of proof in this respect and so we consider that the court correctly decided that William and Ethel Zdenek were purchasers for value without notice of the alleged equity of the Holgersons.

The decree of the lower court is due to be affirmed.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.