155 So.2d 311

**Ethel J. LAWTON**

v.

**J. D. STILLWELL.**

**4 Div. 104.**

Supreme Court of Alabama.

June 20, 1963.

Cornett & Perdue, Phenix City, for appellant.

J. Pelham Ferrell, Phenix City, for appellee.

PER CURIAM.

This case involves conflicting claims of Ethel J. Lawton, appellant, and J. D. Stillwell, appellee, to certain real estate lying in Russell County, Alabama. J. D. Stillwell [appellee] filed a bill to quiet title alleging that he purchased the land in question for a valuable consideration on the 19th day of August, 1958, from one T. W. Stillwell, and that his deed was duly recorded on that date. T. W. Stillwell purchased from the heirs or devisees of George Price, who died testate prior to 1948, by deed dated June 14, 1956, and recorded July 2, 1956. Mittie Stillwell conveyed her interest in the subject land to T. W. Stillwell by deed dated February 25, 1957, and recorded on the same date.

On September 22, 1952, the will of George Price was admitted to probate. Certain persons were named as devisees therein and these devisees or their descendants were the parties who conveyed to the predecessors of appellee, T. W. Stillwell and Mrs. Mittie Stillwell.

Immediately after receiving his deed to the lands J. D. Stillwell went into possession of the lands. At that time the deed to Mrs. Ethel J. Lawton had not been recorded. In fact, her deed was not recorded until May 13, 1959, and J. D. Stillwell did not learn that Mrs. Ethel J. Lawton was claiming any interest in the lands until he received a letter from her attorney on June 12, 1959.

After hearing the evidence the court rendered a final decree holding the deed to Mrs. Ethel J. Lawton was a cloud on complainant's title and was of no legal effect as between the parties and it is from that decree that this appeal has been taken.

We have carefully considered the evidence and find nothing in the evidence which put J. D. Stillwell on notice of the deed to Mrs. Lawton until he received the letter to which we have heretofore referred. Proof shows that after receiving his deed, J. D. Stillwell placed valuable and permanent improvements on the land at a cost of about $20,000 and no one, including the appellant, notified J. D. Stillwell of the claim of Mrs. Lawton while the improvements were being placed on the land.

J. D. Stillwell is in possession of the land and, according to the allegations of the bill, has no remedy at law, and there is no other suit pending to test the title to the controverted land.

It is obvious from the foregoing statement of facts that J. D. Stillwell purchased the land, without notice of the claim of Mrs. Lawton, in August 1958. At the time J. D. Stillwell received his deed there were no improvements on the property, except a small block building. The land was not fenced and no one made any effort to halt the construction of the block building which was placed on the land. The consideration paid by J. D. Stillwell [appellee] to T. W. Stillwell for the land was at least $2500. In addition to the foregoing J. D. Stillwell turned over to T. W. Stillwell an International truck. We point out again that prior to learning of the claim of Mrs. Lawton in June 1959, J. D. Stillwell constructed a large shed, a brick building, and a cyclone fence on the subject land. Thereafter J. D. Stillwell conducted an automobile salvage business on the subject land for a period of time after placing the buildings or improvements on the land, and according to his testimony he did not receive notification of the claim of Mrs. Lawton until after his business became well established.

There were five intervening conveyances of the land, including two mortgages to the Phenix-Girard Bank, between the time

**360**

when Mrs. Lawton received her deed in October 1948, and the time she recorded it in May 1959. All of these conveyances were recorded prior to the time she recorded her deed, and she was not a party to any of these intervening conveyances.

To summarize the situation, Mrs. Ethel J. Lawton received a deed to the land in October, 1948, but she did not record the deed until May, 1959. Proof shows that at some indefinite time she received rent for billboards which were allegedly placed on the land in question. As stated, she neither fenced nor posted the subject land.

> "The recording in the proper office of any conveyance of property * * * operates as a notice of the contents of such conveyance * * *." Code 1940, Tit. 47, § 102.

> "All conveyances of real property, deeds, mortgages, * * * are inoperative and void, as to purchasers for a valuable consideration * * * without notice, unless the same have been recorded before the accrual of the right of such purchasers * * *." Code 1940, Tit. 47, § 120.

In Larkins v. Howard, 252 Ala. 9, 39 So.2d 224, 7 A.L.R.2d 541, this court held that a deed is inoperative and void as against the title acquired by a beneficiary under the terms of the grantor's will admitted to probate prior to the recording of the deed. It may also be added that the burden is on the holder of an unrecorded deed to show that a subsequent purchaser for value had notice, actual or constructive of his equity. Holly v. Dinkins, 202 Ala. 477, 80 So. 861.

While Mrs. Lawton did not record her deed until May 1959, she takes the position that J. D. Stillwell was not a bona fide purchaser for value because there were facts sufficient to put him on inquiry and if inquiry had been made he would have had notice of her equity. Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376. When she received her deed, she did not record it until later, but she did assess the property for taxation and pay the taxes for a number of years.

There is nothing to show that Stillwell knew of her assessing the property for taxes or that she paid any taxes on the property. We are cited to no authority which holds that her assessment of the property for taxation can operate to impute to Stillwell any notice of her claim to the property. In the absence of such authority, there is nothing to sustain her position that J. D. Stillwell is not a bona fide purchaser.

Upon careful consideration of the evidence under the applicable law in this case, we think that the decree of the lower court is due to be affirmed.

The foregoing opinion was prepared by Stakely, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.