224 So.2d 878

**ALBRIGHT EQUIPMENT COMPANY, Inc.**

v.

**Roy WADDELL et al.**

6 Div. 614.

Supreme Court of Alabama.

July 3, 1969.

Earl D. Hendon, Birmingham, for appellant.

Jenkins, Cole, Callaway & Vance, Birmingham, for appellees Roy Waddell, Charles McEwen and Herschel McEwen.

Allen Poppleton, Wyatt R. Haskell and Bradley, Arant, Rose & White, Birmingham, for appellee Charles Machine Works, Inc.

BLOODWORTH, Justice.

This is an appeal from a final decree for respondents rendered by the circuit court of the Tenth Judicial Circuit, in equity, in a suit brought by the appellant corporation against respondents, Roy Waddell, Charles McEwen, and Herschel McEwen, formerly employees or part-owners of appellant corporation, and a corporate respondent, the Charles Machine Works, seeking injunctive relief and money damages.

The bill alleged that for some time prior to April 11, 1967, complainant, Albright Equipment Company, had been authorized to sell and service a trenching machine manufactured by respondent, Charles Machine Works, under the trade name "Ditch-Witch." The bill further alleged that respondents, Roy Waddell and Charles McEwen, had for some years served as directors and owned stock in Albright Equipment, and that respondent, Herschel McEwen, was employed by the corporation to sell "Ditch-Witch." The bill alleged that these individuals along with the respondent, Charles Machine Works, had conspired together to keep Albright Corporation from further selling and servicing the "Ditch-Witch." The bill alleged the conspiracy was unlawful in that it was a breach by Roy Waddell and Charles McEwen of their fiduciary duties towards Albright Equipment, and it asked that all of

the respondents be enjoined from dealing with each other in connection with the sales and service of the "Ditch-Witch." The bill also asked for money damages in the amount of $500,000.

Two applications for injunction were made to the trial court, and after several oral hearings, the trial court entered decrees denying injunctive relief. After an oral hearing on the merits the cause was submitted for final decree, and a decree entered denying the relief sought.

In brief, Albright Equipment states its case to be that the "individual respondents breached their fiduciary duty to the complainant and conspired among themselves, and also with the respondent, Charles Machine Works, Inc., to take from the complainant the Ditch-Witch line which constituted thirty percent of the complainant's business. Complainant states his case on two theories. One is the trust relationship, and the other is the willful interference with its business."

Ten assignments of error were filed, but only three are mentioned in appellant's brief. In reply brief, appellant contends "there is substantially only one assignment of error, and that error is that the court did not hold the individual respondents to the rules applicable to trustees and did not hold them to their fiduciary duties as directors of appellant."

The appellees-respondents contend that since seven of the ten assignments of error are not mentioned in appellant's brief, they are waived. Also, they contend that the assignments of error constitute nothing more than an attempt to present the entire record for review on appeal since ten of the assignments express little more than appellant's disagreement with one or more of the several decrees rendered in the court below. They also contend that in no assignment does the appellant specify the manner in which the decree is erroneous, or set forth the nature of the error assigned, as required by Supreme Court Rule 1, Revised Rules of the Supreme Court, 279 Ala.

XXI. Appellees also say that appellant's brief contains nothing which resembles a condensed recital of the evidence given by each witness in narrative form, as required by our Supreme Court Rule 9, and is therefore insufficient to raise any question as to the sufficiency of the evidence to sustain the decree below.

■ We agree with appellee's contention that the seven assignments of error, which are not mentioned in appellant's brief cannot be considered by this court on appeal. Stallworth v. Doss, 280 Ala. 409, 194 So.2d 566; Ross v. Ross, 279 Ala. 50, 181 So.2d 491.

The only mention in appellant's brief as to assignments of error is a passing reference to 7, 8, and 10 of the assignments of error.

Assignment 7, in essence, complains that the court below erred in refusing to give relief to complainant; assignment 8 complains that the court did not hold the individual respondents to their duties as trustees and directors; and assignment 10 alleges that the court failed to exercise the obligation of his office. In none of these assignments is any adverse ruling of the trial court complained of, except, perhaps, that the trial court did not render a decree in favor of the appellant.

■ If we construe these three assignments to be complaining of the insufficiency of the evidence to support the decree, appellant's brief is not sufficient to invite our review on such ground. For, our Supreme Court Rule 9, Revised Rules of the Supreme Court, 279 Ala. XXI, XXVI, requires that if the insufficiency of the evidence to sustain a decree is assigned as error, the statement of the facts must contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present to us the substance of each witness' testimony. We have uniformly followed Rule 9, supra. Stewart v. Stewart, 284 Ala. 3, 221 So.2d 116; Zanaty v Hagerty, 280 Ala. 232, 191 So.2d 516.

**332**

After this case was orally argued and submitted on motion and merits, appellant filed a motion to set aside the submission to permit it to comply with Rule 9, supra. Appellant confesses that questions directed to it by the court at oral argument indicated it had not complied with Rule 9. Also, it admits that, notwithstanding the appellees' brief had raised the same point, until the oral argument was concluded, appellant was convinced it had complied with Rule 9.

■ This court has carefully considered this motion and has concluded it must be denied. While in the past, we have permitted corrections both in briefs and assignments of error *before submission,* we do not feel appellant's motion justifies setting aside the submission in this case *after submission.* See Rule 2, Revised Rules of the Supreme Court, supra.

■ This cause was heard by the chancellor ore tenus, except for the introduction of pre-trial depositions. The court below made no formal findings of fact. Therefore, on appeal, we assume that the court made the findings which the evidence supports and which justify the decree rendered. Dockery v. Hamner, 281 Ala. 343, 202 So.2d 550. We have said, "Where a decree is rendered on evidence taken ore tenus, *or partly so,* and the trial court has the advantage of seeing and hearing the witnesses, this court will not disturb his conclusion unless it is plainly and palpably contrary to the weight of the evidence." [Emphasis supplied] Simon v. Snyder, 279 Ala. 70, 181 So.2d 885.

■ We are of the opinion that the decree of the court below is not plainly and palpably contrary to the weight of the evidence, and therefore must be affirmed.

In view of the result reached, we see no need to consider appellees' motion to strike appellant's brief.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.