237 So.2d 851

James BUKACEK

v.

PELL CITY FARMS, INC., et al.

7 Div. 858.

Supreme Court of Alabama.

July 2, 1970.

Rehearing Denied Aug. 13, 1970.

Nicholson, Forstman & Howard, Birmingham, for appellant.

A. Dozier Williams, Birmingham, for appellees.

MADDOX, Justice.

This is an appeal by complainant from a final decree granting the relief prayed for by the respondents in their cross-bill.

Complainant (appellant) James Bukacek filed a statutory bill to quiet title (Title 7, § 1109 et seq., Code of Alabama, 1940) against the respondents (appellees) Pell City Farms, Inc., a corporation, and Fitzhugh A. Burttram, Clarence B. Kelly and Ray Wyatt. Appellant, in his amended bill, tracked our statute and alleged that he was in peaceable possession of the land, that he owned the land and that the respondents claimed, or were reputed to claim, some right, title or interest in, or lien or incumbrance on the land.

Complainant called upon the respondents to set forth and specify their title, claim, interest in, or incumbrance on the land and by what instrument the same was derived and created.

Respondents asked for and received a temporary injunction prohibiting Bukacek from committing waste and from going onto the property and then filed an answer and cross-bill alleging that Pell City Farms, Inc., was the owner of the lands described in the complaint in fee simple, free and clear of all liens except certain mortgages held by two mortgagees. Respondents specifically denied that Bukacek was in "peaceable possession." The respondents also asked that the corporation be declared the owner of the lands in question and prayed that the temporary injunction against Bukacek be made permanent.

Respondents later made a motion to strike Bukacek's jury demand, claiming that the cross-bill raised issues and independent equities which were not triable by a jury as a matter of right, the respondents arguing

that the provisions of Title 7, § 1112 of the Code would not apply. The court granted the motion, struck the jury demand, and tried the case without a jury.

Upon final submission the trial court dismissed Bukacek's complaint, as amended, and decreed that "The title to said property as described in the Cross-Bill of Respondents be and is vested in the Respondents and all title, right or claim of complainant be and is divested out of him."

Bukacek says the trial court erred in granting the relief prayed for by the respondents and in striking his demand for a jury trial. He also complains of the trial court's action in the admission of certain evidence.

The essential facts are not seriously disputed. The land involved is approximately 480 acres in two tracts—one 300-acre tract owned by James Bukacek and one 180-acre tract owned by Virginia Bukacek, ex-wife of James Bukacek, both located in St. Clair County. In 1964, Bukacek had difficulties with his health, forcing him in 1965 to sell the dairy business he was operating. He also was having domestic problems which culminated in a divorce.

Matters got progressively worse for Bukacek, and in the latter part of 1966 and in 1967, he was having serious financial problems. The sheriff was advertising his farm for sale to pay three judgments and costs of court. The State of Alabama held a tax claim of approximately $15,000, and a payment on a Federal Land Bank mortgage was due. Bukacek was unable to exercise an option he held to buy the 180-acre tract owned by Virginia Bukacek. In other words, Bukacek was in serious financial difficulties. It was at this time that Bukacek went to see appellee Fitzhugh Burttram about saving "my farm."

In January, 1968, James Bukacek and the three individual respondents, Fitzhugh Burttram, Clarence B. Kelly and Ray Wyatt, entered into an agreement whereby Pell City Farms, Inc., was formed. Pursuant to the agreement, Bukacek conveyed his 300-acre tract to Pell City Farms, Inc., and the corporation eventually exercised the option held by James Bukacek, and assigned to the corporation, to purchase the 180-acre tract from Virginia Bukacek. The respondents paid the judgments, the property taxes, the mortgage payment, and the corporation and the individual respondents personally assumed the $37,600 mortgage and an additional mortgage executed to complete the purchase of the 180-acre tract and pay the $15,000 state taxes (for which respondents had negotiated an extension).

One of the complainant's principal arguments here is that Pell City Farms, Inc., grantee under the deeds executed by James Bukacek and his ex-wife, Virginia Bukacek, was incapable of taking legal title because the Articles of Incorporation were not filed with the Judge of Probate as required by Title 10, § 21(11), Code of Alabama, 1940 (Recompiled, 1958). Complainant argues that prior to the filing of the Articles of Incorporation, Pell City Farms, Inc., was neither a de jure nor a de facto corporation, and therefore was incapable of taking title to the real property. Complainant's argument, while very persuasive, under the facts of this case is not convincing. The evidence clearly shows that Bukacek was one of the incorporators of Pell City Farms, Inc., that he was an officer, director, and stockholder, and that he executed the deed transferring his interest in the land to the corporation; and that he participated in the business activities of the corporation relating to the land after the Articles of Incorporation were filed in the office of the Judge of Probate on March 30, 1968.

Complainant cites no Alabama case which supports his argument. He does cite cases from other jurisdictions which hold that if the Articles of Incorporation are not filed, the corporation does not exist.

Our examination of decisions from other jurisdictions shows that the courts are not in agreement as to whether a corporation de facto may be created notwithstanding

failure to file the articles of incorporation as required by statute. The broad view is that the failure to file the required papers prevents the organization from becoming a corporation, and in the absence of any filing of the articles of incorporation there is neither a charter nor a colorable attempt to obtain one. 18 Am.Jur.2d, Corporations, § 74.

 Assuming, without deciding, that we would subscribe to the broad view that no corporation was here formed prior to the filing of the Articles of Incorporation, we think the fact situation here presented shows that while Pell City Farms, Inc., may not have been a corporation de jure—or perhaps even de facto—insofar as the transaction here is concerned, it should be regarded practically as a corporation, being recognized as such by the parties themselves. In other words, the incidents of corporate existence may exist as between the parties by virtue of an estoppel. Thus, besides corporations de jure and de facto, there can be a recognition of a third class known as "Corporations by estoppel." Corporations by estoppel are not based upon the same principles as corporations de facto. The doctrine of de facto corporations has nothing to do with the principle of estoppel. In fact, a corporation de facto cannot be created by estoppel, the only effect of an estoppel being to prevent the raising of the question of the existence of a corporation.

Bukacek was one of the incorporators; he dealt with the corporation as a corporation both before and after the Articles of Incorporation were filed. Under such facts, Bukacek is estopped to deny the existence of the corporation at the time he voluntarily executed a deed transferring property to the corporation even though the Articles of Incorporation had not been filed at that time.

 Our ruling here is limited. It is based on equitable grounds which preclude the complainant here from denying corporate existence. As against the state, of course, a corporation cannot be created by agreement of the parties—the statutes make certain prerequisites—but as between themselves and in connection with their own private litigations as here involved they may, by their agreements or their conduct estop themselves from denying the fact of the existence of the corporation. We hold, therefore, that Bukacek is estopped to deny the existence of Pell City Farms, Inc., even though it may have been neither de facto nor de jure at the time he executed the deed making the corporation, *by its corporate name*, the grantee.

Appellant also claims that Title 7, § 1112, grants to him a right to a jury trial and that the trial court erred in striking his demand. Whether the trial court should have initially granted the trial by jury is now academic since we find the trial judge to have been correct in determining that the complainant was not entitled to relief on his statutory bill to quiet title.

 The evidence clearly shows that the complainant here was not in "peaceable possession" as those terms are defined in our decisions. This court has repeatedly held that in order to maintain the statutory proceeding to quiet title the proof must show a peaceable possession in the complainant as distinguished from a contested, disputed or scrambling one. 16 Ala.Dig., Quieting Title, ☞ No. 12(9).

 The evidence in this case shows affirmatively that the complainant was not in peaceable possession, and the trial court properly denied any relief to the complainant on his statutory proceeding. Having decided that, we now face the question of whether the trial court should have granted relief to the respondents on their cross-bill. We hold that the court did not commit error in this regard.

In Chestang v. Tensaw Land & Timber Co., 273 Ala. 8, 134 So.2d 159 (1961), we have discussed very thoroughly the power of an equity court to quiet title in the re-

**146**

spondent when the complainant fails to make proof of peaceable possession and the proof shows the respondent has the better title and has peaceable possession. We could extend this opinion and fully discuss this point, but to do so would merely mean a restatement of the law as so ably set forth in *Chestang,* supra. We, therefore, hold the trial court did not commit error in granting the relief requested by the respondents in their cross-bill.

We have considered complainant's assignments of error 5 and 6, which deal with the admission of evidence. We have carefully reviewed the objections made and find no prejudicial error with regard to these two assignments of error.

We note that the decree of the trial court reads:

"2. The title to said property as described in the Cross-Bill of Respondents be and is vested in the Respondents and all title, right or claim of Complainant be and is divested out of him." (Emphasis ours)

We assume the trial court intended to vest title in Pell City Farms, Inc., as prayed for by the respondents in their cross-bill. In order that the decree read properly, we hereby modify it by striking that portion of the decree above quoted and substitute in lieu thereof the following:

"2. The title to said property as described in the Cross-Bill of Respondents be and is vested in Pell City Farms, Inc., and all title, right or claim of Complainant be and is divested out of him."

Except for the slight modification of the decree, the judgment of the trial court is due to be affirmed.

Decree modified and, as modified, affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.