241 So.2d 104

**W. O. LOTT et al.**

**v.**

**Pearl KEITH, as Admrx. Ad Litem, etc.**

**1 Div. 636.**

Supreme Court of Alabama.

Oct. 22, 1970.

Rehearing Denied Dec. 3, 1970.

Chason, Stone & Chason, Bay Minette, for William O. Lott, and others.

C. LeNoir Thompson, Bay Minette, for Fred A. McKenzie and John McKenzie.

Wilters & Brantley, Bay Minette, for appellee.

MERRILL, Justice.

James E. Keith, Jr., complainant-appellee, filed a bill to quiet title to property known as Nelson's Point. There were two different claimants, the McKenzies and the Lotts. The trial court decided in favor of Keith and both the McKenzies and W. O. Lott appealed.

The case was tried ore tenus before the trial court. Where evidence is heard orally before the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal, unless plainly erroneous, whether in law or equity. And we must affirm the trial court's decree :f fairly supported by credible evidence under any reasonable aspect, regardless of what might be our view of the evidence. Norton v. Norton, 280 Ala. 307, 193 So.2d 750.

But appellant Lott argues that this rule does not apply in this case because the depositions of himself and three other witnesses, taken in a 1943 case, were also before the court. We cannot agree. We have said that where a decree is rendered on evidence taken ore tenus, or partly so, and the trial court has the advantage of seeing and hearing the witnesses, this court will not disturb the court's conclusion unless it is plainly contrary to the weight of the evidence. Albright Equipment Co. v. Waddell, 284 Ala. 329, 224 So.2d 878; McBrayer v. Smith, 278 Ala. 247, 177 So.2d 571; Hackett v. Cash, 196 Ala. 403, 72 So. 52.

We examine first the McKenzie claim. The trial court found that the only possession they ever had was that of tenants at will as gratuitous tenants of complainant; that there was no scrambling possession; that the only record title they ever had was a deed from Fred McKenzie and wife Fannie to Fred, Jr. and John McKenzie, executed in 1960, and that Fred McKenzie (Sr.) had disclaimed any interest in the land by a written instrument in 1942.

The main thrust of the McKenzie's argument is that Keith failed to make out a prima facie case, and therefore the jurisdiction of the trial court was destroyed and it could not determine the title to the land. Most of the cases cited and quoted in support of this contention have been overruled. In Chestang v. Tensaw Land & Timber Co., 273 Ala. 8, 134 So.2d 159, we specifically overruled Crump v. Knight, 250 Ala. 393, 34 So.2d 593, and also said that the "jurisdiction destroyed" statements in eight cases "should be disregarded." McKenzie cited several of those cases. We agree with the trial court that the McKenzie claim should not prevail.

We come now to the Lott claim. The trial court found that W. O. Lott's grantor had no actual possession of the land when he gave Lott a deed; that neither Lott nor his predecessor in title had any actual possession of the land in question for "the past 25 years."

The property was conveyed to Marion S. Adams in 1928. A case involving this same land was started in 1943 by one Ralph G. Nelson against Marion S. Adams and depositions of Lott and the three witnesses were taken in that case, but the case was not concluded and terminated. The property

was sold to one Ed Rogers in the name of Marion S. Adams for nonpayment of taxes in 1941.

It is true that W. O. Lott produced at trial a deed from Marion S. Adams and wife to him, dated July 21, 1954. This deed was not recorded. Also introduced at the trial was a deed to W. B. Lott, W. D. Lott, Agnes Lott Peak and Elizabeth Lott Unger, dated September 3, 1963, also unrecorded. (W. O. Lott and the four grantees of the deed are included in our designation of "the Lotts.")

W. O. Lott testified in the instant case that he purchased the lands in question in the name of Marion S. Adams in 1928 or 1929, that he put the father of appellee Keith in temporary possession, that his tenant, Ralph G. Nelson, the plaintiff in the abandoned suit, was next in possession and he stayed in possession under Lott until 1940, that after Nelson left he (Lott) had had no actual possession of the property. Lott also testified that he had turned his property over to his children within the last 20 years, and that he thought they had paid taxes on it. On cross-examination, the following occurred:

"Q. You never took a deed from Marion Adams?

"A. I don't know whether I did or not, but he was prepared to give it to me any time I wanted it.

"Q. It is not introduced in the record?

"A. No sir.

"Q. If he died without making the deed the property went to his heirs—

"MR. STONE:———That is for the Court to decide.

"A. His wife agreed to give me a deed any time I wanted it, but I don't know that I ever got it."

At no time did Lott or his children show by any written records that they had ever paid taxes on the land in question.

We finally consider Keith's claim. He first knew the land as a boy in 1912, moved to the community in 1918, and lived there since. He had lived about one mile from the property before he bought it in 1953, but since then he had lived within a quarter of a mile of it. His title was based upon a tax sale of the property in 1937, and bid in for the State, a tax deed to James T. Watts, dated May 20, 1942, a quitclaim deed from Watts to W. Y. Brame, May 25, 1942, and a quitclaim deed from Minnie D. Brame to appellee, J. E. Keith, Jr., dated September 9, 1953, and recorded September 9, 1953. Keith assessed and paid taxes on the property.

■ As to the McKenzie contention, that the court did not have jurisdiction, because the appellee did not show peaceable possession, we have held that what constituted peaceable possession must be left for determination on the facts of each particular case. Webb v. Griffin, 243 Ala. 468, 10 So.2d 458; Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202.

■ The trial court found that:

"2. The complainant was conveyed the lands in litigation in September, 1953.

"3. That he went into possession soon thereafter by erecting a fence along the West side thereof which joined a fence South of said property; these fences together with Turkey Creek and Fish River completely surround this tract of land; that he has been in the adverse, open, notorious, continuous, hostile and peaceable possession of said land for more than 10 years under claim of ownership and under color of title.

"4. The Complainant assessed and paid tax on said land from 1953 to date."

Although conflicting, there was evidence to support these findings. The court decreed that Keith had fee simple title to the lands.

Under the evidence, Keith was an innocent purchaser for value under Tit. 47, § 120, Code 1940, which provides:

"All conveyances of real property, deeds, mortgages, deeds of trust, or instruments in the nature of mortgages, to secure any debts, are inoperative and void, as to purchasers for a valuable consideration, mortgagees, and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees, or judgment creditors."

In Lawton v. Stillwell, 275 Ala. 358, 155 So.2d 311, we said:

"In Larkins v. Howard, 252 Ala. 9, 39 So.2d 224, 7 A.L.R.2d 541, this court held that a deed is inoperative and void as against the title acquired by a beneficiary under the terms of the grantor's will admitted to probate prior to the recording of the deed. It may also be added that the burden is on the holder of an unrecorded deed to show that a subsequent purchaser for value had notice, actual or constructive, of his equity. Holly v. Dinkins, 202 Ala. 477, 80 So. 861."

Appellant Lott did not carry this burden.

The only recorded deed from 1953 to the date of the filing of suit, January 4, 1967, was from Brame to Keith in 1953. The fencing of the property was notice to anyone inspecting the land and the recorded deed and the tax assessments were notice to anyone desiring to check the records.

Under our original proposition cited from Norton v. Norton, 280 Ala. 307, 193 So.2d 750, we cannot hold that the trial court erred in its decree.

Affirmed.

HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.