266 So.2d 750

Charles **WILLIAMS**

v.

Frank **ROMANO.**

6 Div. 963–962.

Supreme Court of Alabama.

Aug. 31, 1972.

Rehearing Denied Sept. 28, 1972.

Sam L. Reames, Birmingham, for appellant.

Phil Joiner, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a decree which quieted title in appellee Romano in two cases, the appellate numbers being 6 Div. 963 and 962.

Appellee filed a bill to quiet title to three vacant lots on November 30, 1970, naming Charles Williams as respondent, he being the person against whom taxes had last been assessed before a sale for delinquent taxes in 1965 and the land bought in by the State. On April 23, 1971, Charles Williams, James Washington and Wilma Washington Jackson, tenants in common, filed a bill to quiet title against appellee Romano. He filed a plea in abatement showing that the two suits had been filed, 963 by him and 962 by Williams et al. Without formally ruling on the plea in abatement, the trial court consolidated the two cases and they came on for trial on November 24, 1971.

The undisputed evidence showed that the parents of Charles Williams and a deceased sister, the mother of James Washington and Wilma Washington Jackson, formerly owned the three lots. Issac Williams, the father of Charles, purchased Lot 10 in 1945 and secured a tax deed from the State to Lots 8 and 9 in 1945. There is no evidence that anyone lived on any of these three lots after they were purchased in 1945. Issac Williams died in 1946 and his widow died in 1964. After her death, Charles Williams assessed the property in his name but did not pay the taxes for 1965 and the three lots were sold to the State in 1966. The three lots were later deeded by the Judge of Probate to appellee.

Appellee testified that he put "no trespassing" signs on the property in 1969 and the lots were covered with bushes, saplings and trees. About a month before filing his bill, appellee put a two-strand barbed wire fence with iron posts around the property. Appellee also testified that he had paid all the taxes from 1965 to 1970 inclusive.

Charles Williams testified that he had had possession of the property for thirty years as a garden, as a place to keep his chickens and dogs and that he had used a chicken house, a tool house and a dog pen on the property. The three lots in question were across an alley from where Charles Williams lived.

Each side presented their testimony by two witnesses and the evidence as to possession was hopelessly in conflict.

The trial court found the issues in favor of the appellee in both cases. While we have not listed all the evidence, it probably came down to an issue of credibility. The evidence may have supported a holding in favor of either party, but it was unfavorable to appellant.

Where the testimony is heard orally before the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal, unless plainly erroneous. And we must affirm the trial court's decree if fairly supported by credible evidence under any reasonable aspect, regardless of what might be our view of the evidence. Lott v. Keith, 286 Ala. 431, 241 So.2d 104; Norton v. Norton, 280 Ala. 307, 193 So.2d 750.

■ Appellant contends that appellee did not have peaceable possession. What constitutes peaceable possession must be left for determination on the facts of each particular case. Lott v. Keith, supra; Webb v. Griffin, 243 Ala. 468, 10 So.2d 458.

■ In the last cited case, this court said that the payment of taxes on land is not of itself evidence of possession, but in connection with evidence of actual possession, it is admissible to show the extent of possession.

In our recent case of Dennison v. Claiborne, 289 Ala. 69, 265 So.2d 853, we made a statement which is applicable here: "Other possessory acts aside, we think that erection and maintenance of the fence is sufficient, in itself, to constitute actual possession of the property by complainants." And Graham v. Hawkins, 281 Ala. 288, 202 So.2d 74, was quoted thusly: "A fence enclosing land is an outstanding symbol of claim of possession."

In the opinion of the trial court above the decretal order, the court said in part:

" * * * The question for determination is whether title shall vest in Frank Romano or in Charles Williams, et al.

"Under the general authority as stated in the case of Family Land & Investment Company, Inc. v. Williams, et al., 273 Ala. 273, 138 So.2d 696 and the statutes pertaining to the issues of the cause the Court can only find that title should vest in Frank Romano, to the following described real property:"

■ We can say what this court said in the case cited by the trial court—"We are not prepared to say that the trial court fell into error by quieting title in the appellees."

There were some deficiencies in the pleadings, but each side presented its claim to possession and title, and the trial court decided in favor of appellee. We affirm.

The decree mentioned that the causes were consolidated for trial and the consolidated decree disposed of both cases.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and SOMERVILLE, JJ., concur.