310 So.2d 207

Everett L. ALMON

v.

CHAMPION INTERNATIONAL CORPORATION, a corporation.

SC 873.

Supreme Court of Alabama.

March 20, 1975.

Everett L. Almon, pro se.

J. Robert Fleenor and Samuel H. Franklin, Birmingham, for appellee.

EMBRY, Justice.

This is an appeal, per Code of Ala., Tit. 7, § 1057, from an order granting a preliminary injunction, under Rule 65, ARCP, after notice and evidentiary hearing. We affirm.

In the court below the action was filed by Champion International Corporation seeking to quiet title. It concurrently moved for preliminary injunction to restrain defendant, Everett L. Almon, from selling the real estate or timber thereon. The trial court set the motion for hearing, of which notice was given. Almon filed an answer denying the allegations of the complaint. He alleged title to be in him by virtue of a tax deed from the State, and decree of Probate Court confirming sale of real estate to the State by the tax collector. Almon filed a motion to dismiss the motion for preliminary injunction. The trial court proceeded to hear evidence regarding the motion for preliminary injunction.

After the evidentiary hearing an order was entered granting the preliminary injunction. That order is here set out in haec verba:

"ORDER

This cause came to be heard on Plaintiff's verified Motion for Preliminary Injunction on May 24, 1974 at 9:00 o'clock A.M., and it appearing to the Court, after hearing testimony that the Defendant is committing acts or is about to commit acts as set forth in Plaintiff's Motion, and will continue to do so unless restrained by order of this Court, and that irreparable injury, loss, or damage

will result to Plaintiff before a final hearing on the merits may be had.

IT IS ORDERED that the Defendant, his agents, servants and employees, and all persons in active concert and participation with him who receive actual notice of this order by personal service or otherwise, be and they hereby are restrained from, in any manner, either directly or indirectly.

 (a) Conveying any right, title or interest or encumbrance upon the real estate situated in St. Clair County, Alabama, which is the subject matter of the above-styled suit pending in this Court, and is particularly described as the W ½ of NE ¼ and NW ¼ of SE ¼ of Section 29, Township 16 South, Range 3 East, except minerals and mining rights;

 (b) Cutting, removing or damaging in any way the timber situated on the aforesaid real estate,

pending the final hearing and determination of this action.

PROVIDED that the Plaintiff first gives security in the sum of Two Thousand ($2,000.00) Dollars for the payment of such costs, damages and reasonable attorneys fee as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

One question for review is presented: Did the trial court err in granting the preliminary injunction?

 Almon's challenge to the propriety of the issuance of preliminary injunction is in part based on asserted lack of showing of peaceable possession, by pleading or evidence, and in part based on claimed *insufficiency of evidence* to support issuance of it. Recognition has grown that the question of peaceable possession is more properly a matter of proof which ought not be determined from examination of pleadings alone. Williams v. Romano, 289 Ala. 190, 266 So.2d 750;

Ford v. Washington, 288 Ala. 194, 259 So. 2d 226. Of course where a plaintiff fails to *prove* peaceable possession, he may not obtain relief in a statutory action to quiet title. Palmer v. Rucker, 289 Ala. 496, 268 So.2d 773; M. C. Dixon Lumber Co. v. Mathison, 289 Ala. 229, 266 So.2d 841; Dennison v. Claiborne, 289 Ala. 69, 265 So.2d 853; Bukacek v. Pell City Farms, Inc., 286 Ala. 141, 237 So.2d 851, cert. denied 401 U.S. 910, 91 S.Ct. 872, 27 L.Ed.2d 809. Such proof is adducible only in a full trial on the merits.

 As to sufficiency of the evidence we look to the specific findings in the order issuing the preliminary injunction. If the findings are supported by credible evidence the order will not be disturbed. Williams v. Romano, supra; Lott v. Keith, 286 Ala. 431, 241 So.2d 104; Norton v. Norton, 280 Ala. 307, 193 So.2d 750. Decisions of this court are to the effect: 1. In granting or denying preliminary injunctive relief, the trial judge is vested with wide judicial discretion. 2. Absent abuse of discretion in granting or refusing to grant preliminary injunctive relief the exercise of that discretion will not be disturbed on appeal. 3. Consideration is accorded the relative advantages and disadvantages resulting from granting or denying preliminary injunction.

The order granting preliminary injunction, supra, specifically found: "after hearing testimony that the Defendant is committing acts or is about to commit acts as set forth in Plaintiff's Motion, and will continue to do so unless restrained by order of this Court, and that irreparable injury, loss, or damage will result to Plaintiff before a final hearing on the merits may be had." There was evidence tending to show: Almon had made arrangements to sell some of the property in question; the land had been cleared and staked out in lots by persons other than Champion's employees. This finding, based on evidence heard by the trial judge, is clearly sufficient authority for discretionary motivation to grant the injunction—certainly one

which is temporary that preserves the status quo pendente lite.

 Objection was made to the introduction by Champion of a deed showing a different corporate grantee than Champion. If receipt of same in evidence was error it did not run afoul of Alabama Supreme Court Rule 45. The statement by Judge Holladay at that point in hearing demonstrates:

"THE COURT: Mr. Almon, they have shown a deed; and even though it is not as strong as the Court would expect it, it shows their possession. In other words, before final disposition of this case is made I think it is going to be incumbent upon the plaintiff to show stronger evidence of possession than they have shown today. * * *"

The trial judge did not abuse the discretion with which he is properly endowed, therefore he will not be reversed.

Affirmed.

HEFLIN, C. J., and MERRILL, BLOODWORTH and FAULKNER, JJ., concur.