This is an appeal from a summary judgment quieting title in the plaintiffs to certain real property. We reverse the summary judgment and remand the cause for further proceedings.
The subject of this litigation is a parcel of wild and unimproved land situated in Walker County. The parcel consists of approximately 80 acres. The common source of title for all claims is Clayton Sanders, who in 1951 was the surface owner of the subject property. On August 6, 1951, Clayton Sanders conveyed the property by quitclaim deed to his two-year-old son, Stephen Sanders. On September 21, 1961, the Internal Revenue Service filed, in the office of the probate judge of Walker County, a tax lien in favor of the United States upon all property and rights to property belonging to Stephen Sanders, as transferee of his father, Clayton Sanders. This lien resulted from the failure of Clayton Sanders to pay federal income taxes during the years 1944 to 1949. The subject property was sold by the United States in November 1963 to Cleveland Lumber Company. On December 16, 1964, over one year after the statutory period of redemption had expired, a quitclaim deed was issued to the Cleveland Lumber Company.
On June 15, 1964, the tax collector of Walker County sold the subject property to the State of Alabama to satisfy delinquent ad valorem taxes unpaid by Stephen Sanders for the year 1963. The property was *Page 728 
subsequently sold by the State and a deed issued to Everett Almon on January 21, 1976. Everett Almon conveyed the property on March 14, 1976, to C.W. White and R.H. Culpepper who, along with their wives, conveyed the property on May 24, 1978, to appellant Cullman Wholesale Company.
On January 5, 1982, the partners of the Cleveland Lumber Company conveyed by a series of warranty deeds their entire interest in the subject property to the individual plaintiffs. Ark Land Company subsequently acquired a 15-year leasehold interest in the property from the individual plaintiffs on August 4, 1982. On May 24, 1986, Stephen Sanders executed a quitclaim deed and assignment of his right of redemption to the subject property in favor of Cullman Wholesale Company.
On August 23, 1983, Terry K. Simmons, T.R. Simmons II, Albert H. Simmons, Josephine F. Pankey, Julia Ann S. Cleage, John Gregory Simmons, and Anna E. Simmons filed this action in the circuit court of Walker County to quiet title in the subject property. Named as defendants were Everett L. Almon, Cullman Wholesale Company, and any unknown parties claiming an interest in the property. Defendant Cullman Wholesale Company filed an answer and counterclaim on November 23, 1983, outlining the basis of its claim to title in the subject property. A motion to intervene was subsequently filed by Ark Land Company (as lessee of the plaintiffs), said motion being granted on August 2, 1985. Following a number of procedural and evidentiary motions filed by the various parties, a motion for summary judgment against all defendants was filed by Ark Land Company. The motion was granted on June 12, 1986. In its judgment the trial court declared that title to the surface area, with the exception of one certain described lot, was vested in the plaintiffs subject to the leasehold interest of Ark Land Company.[1] The judgment also dismissed as a party defendant Everett Almon, the court holding that he had no record interest in the property. From the summary judgment quieting title to the subject property in the plaintiffs, Cullman Wholesale appeals. Two issues are presented:
 1. Does the evidence support the conclusion of the trial court that the plaintiffs presented a prima facie case under the statutory requirements of the Grove Act?
 2. If so, did the trial court properly resolve the competing claims of title to the subject property?
Because of the disposition of this appeal as a result of our treatment of the first issue, the second issue need not be addressed.
This action, based on the language set forth in the plaintiff's complaint, was brought pursuant to Code 1975, §§ 6-6-560, -561. These sections are sometimes referred to as the "Grove Act," and the requirements for the maintenance of an action brought thereunder have been explicitly noted:
 "In Fitts v. Alexander, 277 Ala. 372, 375, 170 So.2d 808, 810 (1965), this Court set forth what is required under Code 1975, § 6-6-560 (then Code 1940, title 7, § 1116):
 "`Under the provisions of § 1116, Title 7, Code 1940, as amended, one who claims to own lands or any interest therein, if no suit is pending to test his title to, interest in, or his right to the possession of the lands, may file a verified bill of complaint in the circuit court, in equity, of the county in which such lands lie, against the lands and any and all persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said lands, or any part thereof, to establish the right or title to such lands, or interest, and to clear up all doubts or disputes concerning the same, when either of the following situations is shown to exist:
 "`1. When the complainant is in the actual, peaceable possession of the lands.
 "`2. When neither the complainant nor any other person is in the actual *Page 729 
possession of the lands and complainant has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding the filing of the bill, and has paid taxes on the lands or interest during the whole of such period.
 "`3. When neither the complainant nor any other person is in the actual possession of the lands and complainant, together with those through whom he claims, have held color of title and paid taxes on the lands or interest so claimed for a period of ten or more consecutive years next preceding the filing of the bill.
 "`4. When neither the complainant nor any other person is in the actual possession of the lands and complainant and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period.'"
 "The trial court must deny relief unless one of the above situations is proven. See Hart v. Allgood, 260 Ala. 560, 72 So.2d 91 (1954)."
Gulf Land Co. v. Buzzelli, 501 So.2d 1211, 1212 (Ala. 1987) (emphasis supplied). The obvious import of the above emphasized language is that the trial court, in the absence of a showing by the complainant that he meets one of the four situations set forth in the statute, is without power to assume jurisdiction over the subject res.
In this instance the order of the trial court is totally devoid of any findings indicating which of the above four requirements was met so as to invoke the equitable powers of the court. Upon review of the record, it is our conclusion that the plaintiffs can in no wise be said to come within the purview of situations 2 through 4 indicated above. Thus, the only finding upon which the trial court could have based its order was a showing by the plaintiffs that they were in "actual, peaceable possession of the lands" as contemplated by the statute.
The order of the trial court by its very terms reveals, however, that the findings of fact and conclusions of law reached by the trial court are "[b]ased solely upon the affidavits, documents, and depositions made a part of the motions." In Almonv. Champion International Corp., 293 Ala. 727, 310 So.2d 207
(1975), it was held that:
 "Recognition has grown that the question of peaceable possession is more properly a matter of proof which ought not be determined from examination of pleadings alone. Williams v. Romano, 289 Ala. 190, 266 So.2d 750 [(1972)]; Ford v. Washington, 288 Ala. 194, 259 So.2d 226 [(1972)]. Of course where a plaintiff fails to prove peaceable possession, he may not obtain relief in a statutory action to quiet title. Palmer v. Rucker, 289 Ala. 496, 268 So.2d 773 [(1972)]; M.C. Dixon Lumber Co. v. Mathison, 289 Ala. 229, 266 So.2d 841 [(1972)]; Dennison v. Claiborne, 289 Ala. 69, 265 So.2d 853 [(1972)]; Bukacek v. Pell City Farms, Inc., 286 Ala. 141, 237 So.2d 851 [(1970)], cert. denied 401 U.S. 910, 91 S.Ct. 872, 27 L.Ed.2d 809 [(1971)]. Such proof is adducible only in a full trial on the merits." (Emphasis supplied.)
293 Ala. at 730, 310 So.2d at 209. Accordingly, the summary judgment is reversed and the cause remanded to the trial court with instructions to conduct a trial on the issue of peaceable possession.
REVERSED AND REMANDED WITH INSTRUCTIONS.
JONES and ADAMS, JJ., concur.
MADDOX and HOUSTON, JJ., concur in the result.
TORBERT, C.J., and SHORES and BEATTY, JJ., dissent.
[1] Although title to this specifically excepted portion of the parcel was not adjudicated, the trial court retained jurisdiction for the purpose of entertaining later proceedings. *Page 730