STEAGALL, Justice.
This appeal is from a judgment in a proceeding to quiet title to 10 acres of land located south of County Highway 60 in Lee County, Alabama. The land adjoining on the north is owned by the plaintiffs, Robert McConnell and Betty L. Murphy McConnell. The land adjoining the disputed property to the south is owned by the defendant, Wesley Thrift.
The McConnells filed this action on May 12,1988. A guardian ad litem was appointed to represent the interests of all parties not otherwise represented. After his motion to dismiss was denied by the trial court, Thrift filed an answer and a counterclaim, alleging that he was the owner in fee simple of the subject property and seeking to have title quieted in him. The McCon-nells answered the counterclaim by filing a general denial. On April 27, 1989, the morning of the trial, Thrift filed an amendment to his counterclaim, wherein he alleged that his possession of the subject property had been adverse to that of the McConnells or their predecessors in title. The McConnells filed a general denial to Thrift’s amended counterclaim. This case was tried to the court without a jury. Having heard ore terms evidence, the court quieted title in the McConnells and made the following findings of fact:
(1) The survey prepared by Walter Pryor White accurately establishes the true boundary line between the property of the McConnells and that of Thrift.
(2) The deeds of the McConnells and their predecessors in title establish that the McConnells own the disputed land.
(3) Thrift’s proof as to acquisition of title to the disputed area by adverse possession is inadequate to satisfy his burden of proof on that issue.
From the judgment quieting title in the McConnells, Thrift appeals.
Three issues are presented:
(1) Did the McConnells fail to prove possession of the disputed property as required in a statutory quiet title action, thus causing the trial court to be without jurisdiction to enter an order quieting title?
(2) Did Thrift prove his claim to quiet title and, if not, does the evidence support the trial court’s conclusion that Thrift failed to prove adverse possession?
(3) Does the evidence support the trial court’s conclusion that the McCon-nells are the fee simple owners of the disputed property?
Because of our disposition of this appeal as a result of our treatment of the first two issues, we need not address the third issue.
This Court in Denson v. Gibson, 392 So.2d 523 (Ala.1980), stated:
“The established standard of review in a case [presented] ore tenus is that the trial court’s findings of fact will not be disturbed unless plainly erroneous. To maintain an action to quiet title to real *433 property, however, complainant must prove certain facts. If these elements are not proved, the complaint is due to be dismissed unless evidence shows that title should be quieted in the respondent. Complainant must prove inter alia that he was in the actual or constructive possession of the property, and that his possession was peaceable as distinguished from scrambling or disputed. It is the character of the possession at the time the suit is commenced which is decisive. ...”
392 So.2d at 524 (citations omitted).
This case, based on the allegations in the McConnells’ complaint, was brought pursuant to Ala.Code 1975, § 6-6-560, -561. In Cullman Wholesale Co. v. Simmons, 530 So.2d 727 (Ala.1988), this Court, quoting Gulf Land Co. v. Buzzelli, 501 So.2d 1211 (Ala.1987) (which in turn had quoted Fitts v. Alexander, 277 Ala. 372, 375, 170 So.2d 808, 810 (1965)), set forth the elements that must be proven under these sections:
“ ‘ “Under the provisions of § 1116, Title 7, Code 1940, as amended [the predecessor of Code 1975, § 6-6-560], one who claims to own lands or any interest therein, if no suit is pending to test his title to, interest in, or his right to the possession of the lands, may file a verified bill of complaint in the circuit court, in equity, of the county in which such lands lie, against the lands and any and all persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said lands, or any part thereof, to establish the right or title to such lands, or interest, and to clear up all doubts or disputes concerning the same, when either of the following situations is shown to exist:
“ ‘ “1. When the complainant is in the actual, peaceable possession of the lands.
“ ‘ “2. When neither the complainant nor any other person is in the actual possession of the lands and complainant has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding the filing of the bill, and has paid taxes on the lands or interest during the whole of such period.
“ ‘ “3. When neither the complainant nor any other person is in the actual possession of the lands and complainant, together with those through whom he claims, have held color of title and paid taxes on the lands or interest so claimed for a period of ten or more consecutive years next preceding the filing of the bill.
“ ‘ “4. When neither the complainant nor any other person is in the actual possession of the lands and complainant and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period.” ’ ”
530 So.2d at 728-29. We further noted “that the trial court, in the absence of a showing by the complainant that he meets one of the above four situations set forth in the statute, is without power to assume jurisdiction over the subject res.” 530 So.2d at 729. Here, the trial court’s order makes no mention of which of the above four situations was the basis for invoking the equitable powers of the court.
Both the McConnells and Thrift claim ownership of the disputed property by deeds and by possession. The McConnells claim to be in “legal” possession of the disputed property by virtue of a deed dated September 18, 1985, given to them by Annie Lee Murphy Lawson. Thrift claims to be in possession of the disputed property by virtue of a deed dated November 4, 1982, given to him by Mary Morgan, and corrected by deed dated May 26, 1987. Thrift asserts that the McConnells were not in actual peaceable possession at the time the suit was filed, as is required by situation number 1 under the statute and that the McConnells cannot fall under situations 2 through 4 of the statute because another person was in the actual possession of the disputed property.
The trial court heard testimony from Robert McConnell that he and his wife had received the property by deed dated Sep *434 tember 18, 1985, from Annie Lee Murphy Lawson, Betty McConnell’s mother, and that he had paid the taxes on the property since that time. He testified that there were no dwellings on the disputed property except for a trailer occupied by Thrift’s son, James; that the trailer had been there for about six months; and, later in his testimony, that he was unsure who lived on the property because he had not been there after having been told to stay away from the property while it was in dispute, but that to the best of his knowledge, James Thrift lived on the property. Robert McConnell testified that he had allowed Thrift’s other son, Richard, to use one of the wells located on the disputed property because it was providing water to a trailer not located on the disputed property.
Mrs. Annie Lee Murphy Lawson testified that she had received the disputed property from her husband, Raymond L. Murphy, who died in 1968. She stated that she had not seen any structures on the disputed property until March or April 1988, when she saw James’s trailer.
The defendant, Thrift, testified that he did not actually live on the disputed property. Thrift testified that he had only paid taxes based on the 1982 deed from Mary Morgan to him. This 1982 deed did not describe the disputed property. Thrift testified that his son James had lived on the disputed property for about 14 months. He stated that James had moved onto the property after Robert McConnell told Thrift that he would not take the matter to court. James testified that he had lived on the property since January 1988.
Upon review of the record, we conclude that there is insufficient evidence to warrant a finding that the McConnells fall within any of the four situations required by the statute. The McConnells have not proven actual peaceable possession in themselves, nor have they proven that another person was not in actual possession of the disputed property at the time of the suit. Accordingly, we conclude that the trial court was without authority to quiet title to the subject property in this ease.
Conversely, the evidence is insufficient to show that title should be quieted in Thrift. Clearly, Thrift cannot be said to fall within situations 2 through 4 set out in the statute, because he has never paid taxes on the disputed property. Thrift has failed to show the actual peaceable possession required by situation number 1 set out in the statute. “One is in peaceable possession as opposed to scrambling possession when at the time of the suit no other party is denying the fact of complainant’s possession.” Denson, 392 So.2d at 524-25 (emphasis original).
In order to prevail in an adverse possession claim, the claimant’s possession of the property must be open, notorious, hostile, continuous, and exclusive for 10 years. Lee v. Brown, 482 So.2d 293 (Ala.1985). In light of all the evidence, we conclude that the trial court was not plainly and palpably wrong in holding that Thrift had failed to prove adverse possession.
Accordingly, we affirm that part of the trial court’s order denying Thrift’s counterclaim to have title quieted in him; we reverse that part of the order quieting title in the McConnells; and we remand this cause to the trial court with instructions to dismiss the complaint.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.