HOUSTON, Justice.
Donald Meeks appeals from a summary judgment in favor of Budco Group, Inc., in *916 which the trial court ruled that Budco, including all its divisions, was Meeks’s “employer” for purposes of the Workers’ Compensation Act, Ala.Code 1975, § 25-5-1 et seq., and therefore could assert the exclusivity provisions of the Act, §§ 25-5-52, -53 as a defense to Meeks’s action seeking damages based on an on-the-job injury.
Meeks was injured at work on May 19, 1990, when a hook broke loose from a crane owned by O/B Leasing Company and injured Meeks’s hand. He sued O/B Leasing, Budco, and others; he contended that his claims against O/B Leasing and Budco were not barred by the exclusivity provision of the workers’ compensation statute because, he claimed, O/B Leasing and Budco were not his employers. For some time, Meeks had been receiving his paychecks from Lift Equipment Rebuilders, Inc. (“Lift Equipment”), and he asserts that only Lift Equipment should be considered as his employer.
Budco is an Ohio corporation, based in Cincinnati, and all its stock is owned by Otto Max Budig, Jr., and George J. Budig. Prior to January 1, 1990, Budco owned all the stock of both O/B Leasing and Lift Equipment, both of which were also Cincinnati-based Ohio corporations. On January 1, 1990, O/B Leasing and Lift Equipment ceased to exist as separate entities; they were on that date merged into Budco, pursuant to an agreement and plan of merger entered into on December 23, 1989, and approved by the Ohio secretary of state on December 28, 1989.
Ohio Revised Code § 1701.82(A)(1) provides:
(A) When a merger or consolidation becomes effective:
(1) The separate existence of each constituent corporation other than the surviving corporation in a merger shall cease....
Id. (emphasis added). Although the “flow of information” remained essentially unchanged, the corporate structure of the defendants was dramatically altered.
Before the merger, O/B Leasing and Lift Equipment each had its own outstanding capital stock and its own articles of incorporation and its own bylaws, and each kept its own minutes. After the merger, only Budco had a board of directors and officers, or kept minutes or corporate books. O/B Leasing and Lift Equipment have become divisions of Budco.
Furthermore, before the merger, O/B Leasing, Lift Equipment, and the other subsidiaries of Budco filed consolidated federal income tax returns reflecting their status as subsidiaries. The incomes of the individual companies were reported in these consolidated returns, although they were added to produce a consolidated total. After the merger, Budco filed federal income tax returns as a single corporation.
Before the merger, Budco would not cover a loss incurred by one of its subsidiaries. Each subsidiary operated as an independent entity. After the merger, Budco became the responsible borrowing party, and, as such, would have had to cover any losses incurred by the divisions.
Meeks contends that the corporations must be separate entities, because, he says, his paychecks did not reflect the change in corporate structure after the merger. Before the merger, all three did have separate bank accounts, but Meeks’s paychecks failed to indicate the fact that, after the merger, only Budco retained any funds in its accounts. The accounts for O/B Leasing and Lift Equipment were maintained merely as subaccounts on a zero balance plan. Under this plan, when a check was drawn on one of the subaccounts, an equal amount was transferred to that account from Budco’s master account to cover the check. There are no funds in the subaccounts, and Meeks’s paychecks came from Budco, if indirectly, and not from Lift Equipment.
Meeks asserts that Lift Equipment continued to use its own corporate stationery after the merger, and that this Court should therefore hold that it continued to exist as a separate corporation. In these days of growing concern over our limited resources, it would be completely irresponsible for this Court to propose a rule requiring a company to throw away its unused stationery every time there occurs some change that could be reflected in the letterhead.
Meeks also asks us to consider a theory he calls “reverse piercing of the corporate veil.” *917 Although he cites several authorities purporting to endorse this theory, this Court is unaware of its existence outside his brief. Apparently, Meeks wishes us to declare that Budco is using the corporate form to evade responsibility. There is no evidence of this in the record, nor is there evidence that Budco is attempting to shirk its responsibility under the Workers’ Compensation Act. The merger had been completed months before Meeks was injured.
Meeks’s final argument is an attempt to use the principle of equitable estoppel to assert that Lift Equipment exists separately from the rest of Budco. It is true, as the Court stated in Bukacek v. Pell City Farms, Inc., 286 Ala. 141, 145, 237 So.2d 851, 853 (1970), cert. denied, 401 U.S. 910, 91 S.Ct. 872, 27 L.Ed.2d 809 (1971), that “the incidents of corporate existence may exist as between the parties by virtue of an [equitable] estoppel.” Equitable estoppel denies a person “the right to repudiate his acts, admissions, or representations, when they have been relied on by persons to whom they were directed and whose conduct they were intended to and did influence.” Mazer v. Jackson Insurance Agency, 340 So.2d 770, 772 (Ala.1976) (quoting 21 C.J. § 120 pp. 1117-18) (emphasis in Mazer). As Meeks admitted in his brief in response to the motion for summary judgment, the employees of Lift Equipment had no reason to know of the change in the corporate structure. Certainly there can be no finding of reliance when the party claiming to have relied had no knowledge of the facts on which the reliance would have been based. There is no evidence that Meeks relied on any acts, admissions, or representations of Lift Equipment or Budco, or that any acts, admissions, or representations by Lift Equipment or Budco were directed at, or were intended to and did influence, Meeks; therefore, the summary judgment was proper as to this claim.
AFFIRMED.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.