SHAW, Justice
(concurring in case no. 1071195 and concurring in the result in case no. 1071204).
I concur in the analysis of Part I of the main opinion addressing the finality of the trial court’s ruling on the plaintiffs’ claims. As to the remaining issues raised in both cases, I would quash the writs; therefore, as to Part II, I concur in the result. I write only to address the question of jurisdiction raised in the main opinion and in some of the special writings.
In Cullman Wholesale Co. v. Simmons, 530 So.2d 727 (Ala.1988) (plurality opinion) (hereinafter “Cullman I”), the plaintiffs sought to quiet title under Ala.Code 1975, § 6-6-560, to a piece of property in which they alleged they had peaceable posses *152 sion. Because the trial court determined that there was peaceable possession from the pleadings alone, a finding prior caselaw held was “ ‘adducible only in a full trial on the merits,’ ” the judgment was reversed and the cause remanded. 530 So.2d at 729 (quoting Almon v. Champion Int’l Corp., 293 Ala. 727, 730, 310 So.2d 207, 209 (1975) (emphasis omitted)). Specifically, a plurality of the Court, noting that peaceable possession was one of four situations in which a party could seek to quiet title under § 6-6-560, stated: “[T]he trial court, in the absence of a showing by the complainant that he meets one of the four situations set forth in the statute, is without power to assume jurisdiction over the subject res.” 530 So.2d at 729. In a subsequent appeal in the same action, Cullman Wholesale, Inc. v. Simmons, 592 So.2d 1031, 1035 (Ala.1992) (hereinafter “Cullman II”), this Court noted that on remand of Cullman I the plaintiffs had “presented sufficient evidence to enable the trial court to determine that they were in peaceable possession of the property”; thus, the Court held that “the trial court’s determination that it had jurisdiction under Ala.Code 1975, §§ 6-6-560 and 6-6-561, was correct.” The language regarding jurisdiction in Cullman I was restated in Thrift v. McConnell, 564 So.2d 431 (Ala.1990). In that case, this Court held that a party seeking to quiet title under § 6-6-560 failed to show peaceable possession of the subject property. We reversed the trial court’s judgment, holding that the trial court was “without authority” to quiet title and instructing the trial court to “dismiss the complaint.” 564 So.2d at 433. See also Oehmig v. Johnson, 638 So.2d 846, 848 (Ala.1994) (referring to the four situations set forth in § 6-6-560 et seq., Ala.Code 1975, in which one may commence an in rem action to quiet title, as “jurisdiction requirements”), overruled on other grounds, Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758 (Ala.2002). More recently, this Court stated in Woodland Grove Baptist Church v. Woodland Grove Community Cemetery Ass’n, 947 So.2d 1031, 1038 (Ala.2006), that “[t]he trial court has jurisdiction over quiet-title actions in which the plaintiff shows that he or she is in peaceable, rather than scrambling, possession of the property.”
Although I do not disagree with the conclusion that in light of Chestang v. Tensaw Land & Timber Co., 273 Ala. 8, 134 So.2d 159 (1961), these more recent decisions are questionable, we are not asked in this case to revisit and overrule Cullman I, Cullman II, Thrift, Oehmig, or Woodland Grove. In fact, the parties make no argument with respect to this particular issue at all. With the case in this posture, I am hesitant to depart from the more recent decisions of this Court until they are properly challenged on appeal. Ex parte Carlisle, 26 So.3d 1202, 1207 n. 2 (Ala.2009) (“ ‘Stare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.’ ” (quoting Moore v. Prudential Residential Sens. Ltd. P’ship, 849 So.2d 914, 926 (Ala.2002))). Cf. Morrison v. State, 258 Ala. 410, 63 So.2d 346 (1953) (noting that a decision approved in later cases should be regarded as “settled law”).
The holding in the main opinion that the trial court lacked jurisdiction to hear the plaintiffs’ quiet-title action does not call into question the Court of Civil Appeals’ affirmance of the trial court’s judgment quieting title in the defendant. However, if the trial court retained jurisdiction over the plaintiffs’ action despite the lack of peaceable possession, as other Justices suggest, then the plaintiffs nevertheless failed to establish merit in their quiet-title action. I would thus quash the writ as to *153 that issue, as well as quash the writ as to any remaining issues.
LYONS and PARKER, JJ., concur.